The State v. Brown.

THE STATE v. BROWN, *Appellant.*

Division Two, May 2, 1893.

1. **Criminal Practice:** INDICTMENT: INSTRUCTIONS. A request by the defendant in a criminal case for an instruction that the indictment is a mere formal accusation and no evidence of guilt, and that no jurors should be influenced by the fact that it had been found, should be granted.

2. ———: ———: FORMER CONVICTION: EVIDENCE. Where a defendant is prosecuted under the statute (Revised Statutes, 1889, sec. 3959) for a second offense of petit larceny, such former offense must be shown by a judgment reciting the fact.

3. ———: ———: ———: ———. Where the judgment of the justice, relied on to prove the former conviction, does not show the offense of which the defendant was then convicted, it is inadmissible in evidence.

4. ———: EVIDENCE, GENERAL OBJECTION TO. Where the evidence offered is wholly incompetent, a general objection to its admission is sufficient.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

THE defendant was charged with having committed petit larceny the second time, after a prior conviction. The indictment, omitting caption, is the following:

"The grand jurors for the state of Missouri, summoned from the body of the county of Audrain, impanneled, charged and sworn to inquire within and for said county and state, upon their oaths present and charge that one Press Brown, on the fourteenth day of June, 1890, before D. H. Harris, a justice of the peace for Audrain county, Missouri, was charged and convicted of the crime of petit larceny and sentenced, to thirty days' imprisonment in the county jail; that he, the said Press Brown, complied with the said sentence and was discharged, and that thereafter, on or about the twenty-fifth day of June, A. D. 1892, at the county and state aforesaid, the said Press Brown did then and there unlawfully and feloniously one single-barrel shotgun of the value of $5, the property of Lamartine Lackland, steal, take and carry away against the peace and dignity of the state.

"F. R. JESSE,<br>"Prosecuting Attorney."

Tried under this indictment the defendant was found guilty, his punishment assessed at two years' imprisonment in the penitentiary, and he appeals to this court.

When the cause came on for trial the record recites that: "The state to sustain the issues on its part examined as a witness D. H. Harris, a justice of the peace within and for Audrain county, Missouri, who testified as follows: 'I know the defendant, Press Brown; he was tried before me on the fourteenth of June, 1890. This is my docket record and it contains a full and complete record of the proceedings had in the case of State of Missouri v. Press Brown, who is the defendant in this case.' The state to prove a former conviction of the defendant before said D. H. Harris, J. P., introduced the following record of said D. H. Harris, J. P., in words and figures as follows, to-wit:

" 'STATE OF MISSOURI, ⎱ In Justice Court, Salt River
" 'County of Audrain. ⎰ Township.

" 'State of Missouri, Plaintiff, ⎱ Before D. H. Harris,
            v. ⎰ J. P. Warrant for
" 'Press Brown, Defendant. ⎰ arrest. Charge, steal-
                                        ing.

" 'Now on this the fourteenth day of June, 1890, comes F. R. Jesse, prosecuting attorney for Audrain county, Missouri, and upon his official oath files his information against the defendant and asks that a state warrant be issued for the defendant, whereupon a state warrant was issued and delivered to Constable W. P. Quissenberry, of Salt River township, June 14, 1890, who on the same day arrested and brought into court the defendant. The prosecuting attorney read to the defendant the charge, defendant plead not guilty. The court after hearing the testimony *pro* and *con* rendered judgment against the defendant, and in favor of the state, and assessed his punishment at thirty days' imprisonment in the county jail. Commitment and the defendant delivered to constable W. P. Quissenberry, of Salt River township, who took the defendant to jail.

                                " 'D. H. HARRIS, J. P.

" 'Transcript and papers delivered to circuit clerk June 24, 1890.                          D. H. H.'

"To the introduction of which defendant objected, but the court overruled said objection and permitted said record read to the jury, to which ruling and action of the court the defendant excepted and saved his exceptions at the time."

The state also introduced in evidence the following commitment, in words as follows, to-wit:

"STATE OF MISSOURI, ⎱ Commitment of J. P.
"County of Audrain. ⎰

"The state of Missouri, to the jailer of the county of Audrain, greeting:

"Whereas complaint has been made before me, a justice of the peace for said county, upon oath of F. R. Jesse, prosecuting attorney, that one Press Brown, late of the county of Audrain and state of Missouri, did on the tenth day of June, 1890, at the county of Audrain, in the state of Missouri, steal and take away one pair of pants of the value of $4, the property of William Galloway, against the peace and dignity of the state.

"And, whereas, the said Press Brown was brought before me upon a warrant duly issued upon the oath of F. R. Jesse, prosecuting attorney, and has been examined by me on such charge and found guilty and sentenced for thirty days in jail, you are therefore commanded to receive the said Press Brown for thirty days in your custody, in the jail of the county aforesaid, there to remain until he be discharged by due course of law.

"Given under my hand this fourteenth day of June, 1890.

"D. H. HARRIS,
"Justice of the Peace."

Indorsed on back of commitment as follows, to-wit:

"Commitment. State of Missouri v. Press Brown. Charged with stealing a pair of pants. On information of F. R. Jesse, prosecuting attorney. Before me, D. H. Harris, justice of the peace."

The state introduced the witness George W. Adams, sheriff of Audrain county, Missouri, to prove that defendant complied with said former conviction and sentence, who testified that he took charge of the defendant, Press Brown, under said commitment, and put him in jail on the fourteenth day of June, 1890, and released him on the thirteenth day of July, 1890; including the day he was put in and the day he was released made thirty days.

To the introduction of said commitment and of the evidence of said witness, George W. Adams, the defendant, objected, but the court overruled said objection, and admitted said evidence to go to the jury, to which ruling and action of the court the defendant excepted and saved his exceptions at the time.

The state also introduced witnesses to prove the second offense named in the indictment, to the introduction of which defendant made no objection as to petit larceny as first offense.

*W. A. Edmonston* for appellant.

(1) The proof of the former conviction was insufficient. The record of Justice Harris fails to show that any information had been filed in that cause; so said record fails to show that defendant was found guilty of any crime, nor is there any entry of judgment by the justice. (2) The court erred in giving its own instruction numbered 1; said record does not show the facts stated in the instruction. (3) The court erred in refusing to give the instruction asked for by the defendant. *State v. Moxley*, 102 Mo. 374.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment is sufficient. Revised Statutes, 1889, sec. 3959; *State v. Austin*, 113 Mo. 538; *State v. Loehr*, 93 Mo. 103. (2) The record of the former conviction before Justice Harris was competent and properly admitted in evidence. The instructions given correctly declared the law. *State v. Kennedy*, 88 Mo. 341; *State v. Brown*, 64 Mo. 367.

SHERWOOD, J.—I. This prosecution is bottomed on section 3959, Revised Statutes, 1889, which among other things provides that: "If any person convicted of any offense punishable by imprisonment in the peni-

tentiary, or of petit larceny * * * shall be discharged either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows: * * * *third*, if such subsequent conviction be for petit larceny, * * * the person convicted of such subsequent offense shall be punished by imprisonment in the penitentiary for a term not exceeding five years.''

The indictment in this cause is sufficient, since it sets forth all the elements, incidents and conditions precedent of the statutory offense. *State v. Loehr*, 93 Mo. 103; *State v. Austin*, 113 Mo. 538.

II. The second instruction given at the instance of the prosecution in regard to the presumption of guilt arising from the recent possession of stolen property, following, as it does, approved precedents in this state is unobjectionable. The third instruction given for the state is the usual one as to the credibility of witnesses, etc., and is also unobjectionable; and the same may be said of the fourth instruction in the state's series, which tells the jury as to the presumption of innocence with which the law clothes the accused.

The single instruction asked on behalf of the defendant to the effect that the indictment was a mere formal accusation against the defendant, was no evidence of his guilt, and that no juror should permit himself to be influenced against the defendant because of the indictment having been found, was unobjectionable and should have been given. Such an instruction to a *lawyer* sounds like, and is, a mere *truism*; but sometimes very simple things or their lack swerve juries. We do not however rule that the rejection of such an instruction would of itself be reversible error.

III. The first instruction given at the instance of the state remains to be considered in connection with

the facts offered in evidence to establish the conviction of the defendant of the prior offense of petit larceny. It will be observed that the instruction in question affirms *as a fact* "that under the record evidence introduced in the case it appears that one Press Brown, on the fourteenth day of June, 1890, was convicted before D. H. Harris, a justice of the peace of Salt River township, in Audrain county, Missouri, of the offense of petit larceny, and his punishment assessed," etc., etc. This assumption was wholly unwarranted by the evidence. The only way known to the law whereby the former conviction of the defendant of the crime of petit larceny could have been established was by the *judgment* of the justice so reciting; but this the judgment in question does not do. It nowhere appears in the judgment *what* was the offense of which the defendant was convicted. It is true under the provisions of section 3547, Revised Statutes, 1889, the defendant *might* have been punished by imprisonment in the county jail for thirty days; but such could have been his punishment for many other offenses. It is true also that we might *infer* from the commitment in evidence that the offense was petit larceny; but this is no case for inferences.

Where the second conviction virtually raises a misdemeanor to the grade of a felony, which is to result in incarcerating the accused in the penitentiary for a period of from two to five years, and where such second conviction is made absolutely dependent on a former one, a decent regard for the rights and liberty of the accused, however humble his station in life, ought to and does require that nothing less than a judgment of conviction, plainly setting forth the former offense and adjudging the accused guilty thereof, will suffice as a basis for the second prosecution. At common law, where it is proposed to show a person incom-

petent to testify as a witness by reason of having committed an infamous crime "it is *the judgment*, and that only, which is received as the legal and conclusive evidence of the party's guilt" (1 Greenleaf on Evidence [14 Ed.] sec. 375), and surely an equally stringent rule should prevail where the consequences of a former judgment are far more serious, as in the present instance.

IV. And inasmuch as the record of the judgment of the justice offered in evidence was wholly incompetent to show a former conviction, a general objection to its introduction in evidence was sufficient; the rule being that specific objection in such cases is not necessary.  *State v. Meyers*, 99 Mo. *loc. cit.* 120.

V. As it is apparent from previous remarks that there is no valid judgment showing that defendant was adjudged guilty of petit larceny prior to the present prosecution, the judgment herein will be reversed and the cause remanded.   All concur.

