THE STATE v. TOM WHITE, Appellant.—99 S. W. (2d) 72.

Division Two, November 17, 1936.

*Charles Farrar, Nelson B. Evans, Lawrence Presley* and *Theo. G. Scott* for appellant.

*Roy McKittrick*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

ELLISON, J.—The appellant was convicted in the Circuit Court of Dallas County of a felonious assault upon one Truman Hicks by shooting him with a pistol. His punishment was assessed by the jury at imprisonment in the penitentiary for five years. The defense was an alibi. The facts will be stated as necessary in the course of the opinion.

I. The first assignment in appellant's motion for new trial, and in his brief here, is that "the court erred in refusing to properly instruct the jury on all of the law in the case." This is too general to present anything for appellate review. [State v. Bagby, 338 Mo. 951, 93 S. W. (2d) 241, 249 (18).] Under the caption "Points and Authorities" in his brief the assignment is broadened, and the specific charge is made that the court failed to give an instruction declaring the information in the cause was no evidence of his guilt. But this elaboration in the brief cannot make up for the entire lack of definiteness in the motion, and cure the violation of the new trial statute, Section 3735, Revised Statutes 1929 (Mo. Stat. Ann., p. 3275).

It may be well to say, however, that an instruction of this kind is not one which the court must give on the law of the case under Section 3681, Revised Statutes 1929 (Mo. Stat. Ann., p. 3227), whether requested or not. It has sometimes been held not reversible error to refuse such an instruction even when requested. [State v. Gilmore, 336 Mo. 784, 789, 81 S. W. (2d) 431, 433; State v. Baker, 136 Mo. 74, 80, 37 S. W. 810, 811; State v. Pratt, 121 Mo. 566, 571, 26 S. W. 556, 557; State v. Brown, 115 Mo. 409, 414, 22 S. W. 367, 369.]

II. The next assignment complains of the admission of the testimony of State's witness Truman Bishop concerning certain alleged

threats made by the appellant against the prosecuting witness Hicks, on the ground that the testimony was too indefinite, vague and remote to have any probative value; but nevertheless was prejudicial because calculated to give the jury an impression that appellant had uttered threats not proven.

The witness testified that between the primary election and the general election of 1932 (just about three years before the trial below, which was held in September, 1935) the appellant and some others were at the Berkley Church house in Dallas County one night. The appellant and Hicks had quarreled that same evening. The witness Bishop being asked what the appellant said on that occasion, answered: "I can't remember what he said, but when Mr. Hicks went in the house he said something or other about killing him." The witness was pressed to state the conversation or words used more clearly, but declared he was unable to do so. Finally he said: "About all I remember of his conversation was that he was going to kill him, or something or other about killing him." On cross-examination appellant's counsel asked this question, "Now, this trouble they were having over there was over Tom White (the appellant) arresting him (Hicks) for stealing timber, wasn't it?" The witness said he did not remember.

We are unable to agree with appellant that this testimony was valueless as evidence. The witness's recollection of what the appellant said was not sharp and clear. But he did state the ultimate fact that the appellant had said something about killing Hicks, or that he was going to kill him. The alleged threat uttered by the appellant may, itself, have been vague, but for that reason it would not necessarily be incompetent. [State v. McNally, 87 Mo. 644, 650.] Appellant's counsel on cross-examination seemed to concede some trouble had arisen between the appellant and the witness that night.

In these circumstances we think also that the threat was not too remote. It is said in 30 Corpus Juris, section 370, page 156, "The general rule is that, although the remoteness of threats may greatly impair their probative force, it does not affect their admissibility in evidence." State v. Whitsett, 232 Mo. 511, 529, 134 S. W. 555, 561, says: "On the question of remoteness it has often been held by this court that the competency of threats as evidence against the defendant and declarant is not affected by their nearness or remoteness, which only goes to the weight of the evidence." Several supporting decisions of this court are cited. [See, also, State v. Coleman, 186 Mo. 151, 158, 84 S. W. 978, 979, 69 L. R. A. 381; State v. Stallings, 326 Mo. 1037, 1046, 33 S. W. (2d) 914, 917; State v. Shawley, 334 Mo. 352, 375, 67 S. W. (2d) 74, 86.]

We do not mean to say that threats should never be held inadmissible, no matter how remote and disconnected with the principal

event. The general rule is as stated above, but the question of excluding evidence because of remoteness rests largely in the sound discretion of the trial judge in the light of all the facts. [State v. Fenley, 309 Mo. 520, 532, 275 S. W. 36, 40; 16 C. J., sec. 1087, p. 561; 30 C. J., sec. 370, p. 156.] We are unable to say that discretion was abused in this instance.

III. The next assignment charges error in the admission of the testimony of James Bishop, who testified about the same difficulty (evidently) between the appellant and the prosecuting witness, Hicks, at Berkley Church in the fall of 1932 that the witness Truman Bishop had told about. This second witness, James Bishop, stated in detail what appellant said on that occasion. According to his testimony the appellant was angry, used abusive and profane language toward Hicks, started to pursue him into the church where a meeting was going on, and threatened to kill him. In his motion for new trial and brief appellant contends this testimony was incompetent because it proved another and different offense from that for which he was on trial, and went into the details of the previous difficulty. But we need waste no time on this assignment because not a single objection was made to the trial court or exception saved during the entire examination of the witness.

IV. Appellant's final assignment is double barreled. It complains that the prosecuting attorney testified as a witness upon a material point in controversy, in violation of Section 19 of Rule 35 of this court, and thereafter made an argument in the case in violation of the same rule. The assignment further charges that the prosecuting attorney appeared as a witness for the purpose of influencing the jury by virtue of his official position; and that his argument was inflammatory and prejudicial. Rule 35 of this court adopts the Canons of Ethics of the American Bar Association, and Section 19 thereof is as follows:

"When a lawyer is witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

The prosecuting witness, Hicks, had testified in chief that he went to a certain spring to get a drink of water and as he was returning therefrom the appellant arose from some tall weeds or ferns by the side of the path and shot him. There was testimony for the defense that there was no vegetation or shrubbery at that place which would conceal a man. The prosecuting attorney had made an examination of the *locus in quo* two days after the shooting. At the trial he took

the stand as a witness in rebuttal and described the scene, stating there was shrubbery there such as the prosecuting witness had mentioned.

No objection whatever was offered by appellant to the prosecutor's testifying, or to anything he said. And the argument he made in the case is not preserved in the record. So the appellant is in no position to complain in this court because the prosecutor testified, or because his argument to the jury was prejudicial, if it was. But the record does show that at the close of the case, after the instructions had been settled, counsel for appellant invoked said Section 19 of our Rule 35 (reading it to the trial court) and objected to the prosecutor's arguing the case to the jury because he had already testified as a witness upon a material matter in controversy, thereby using his official position to influence the jury. The trial court permitted the argument over appellant's objection and exception. This raises the sole question whether the violation of our rule (assuming it was that) calls for a reversal of the case. In the state of this record we think not. The matter rested somewhat within the discretion of the trial court on the facts and involves the ethics of the prosecutor's conduct, which chiefly concerns him and the courts.

V. The record proper is not challenged by the appellant. But we note the only showing therein concerning the judgment and sentence passed upon the appellant is as follows: "Defendant sentenced to the State penitentiary for the period of *four* years. Thereafter, to-wit, on the same day the court rendered judgment and pronounced sentence upon the defendant in conformity with the terms of the verdict." (Italics ours.) The verdict, as set out earlier in the record, shows the jury assessed the punishment at imprisonment in the penitentiary for a term of *five* years, but the foregoing judgment entry leaves us to guess what punishment the trial court thought would conform to the verdict.

This was not the correct way to show these record facts. In State v. Dalton (Mo. Div. 2), 289 S. W. 569, 570, speaking of a similar judgment entry, this court said: "We do not find the judgment set out as it should have been, although the record recites that judgment was entered in accordance with the verdict." The question was fully considered in State v. Vinson, 337 Mo. 1023, 1026, 87 S. W. (2d) 637, 639, and it was there held that the transcript of the record proper on appeal must set out *the entry* of the judgment and sentence as it appears from the records of the trial court. That is particularly necessary in this case because we cannot tell from the record before us what entry was made, and whether it conformed to the verdict. Accordingly, following the course prescribed in the Vinson case, the submission is set aside and the cause remanded with directions to the circuit court to enter judgment and pronounce sentence in accordance

with the verdict, unless the judgment and sentence as they now stand of record (if they do) already conform to the verdict of the jury. This, however, does not reopen the case for another trial on the merits. [State v. Bliss and Compton, 99 S. W. (2d) 71.]

All concur.