STATE of Missouri, Respondent,

v.

Elmer SHEETS, Appellant.

No. 56246.

Supreme Court of Missouri,
Division No. 1.

June 28, 1971.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel W. Deiter, McQuie & Deiter, Montgomery City, for appellant.

WELBORN, Commissioner.

Appeal from conviction for burglary and stealing. § 560.110 RSMo 1969, V.A.M.S. The trial court, under the Second Offender Act, fixed the sentence at three years for burglary and two years for stealing, to run concurrently.

On Friday evening, August 29, 1969, Roy Dunlap left his residence near Montgomery City. He closed all windows and doors, but did not lock them. He had a shotgun and a rifle on a rack in his bedroom. On September 1, he returned home and almost immediately noticed that the shotgun and rifle were missing.

A neighbor had seen an auto similar to that driven by appellant, Elmer Sheets, in the vicinity of the Dunlap residence on August 30. On August 31, Sheets sold Paul Oliver a rifle which Dunlap identified as the one missing from his residence. On September 13, Sheets sold John Potter a shotgun, likewise identified by Dunlap.

On this appeal, numerous objections are raised to the proof relied upon to show that defendant was subject to the Second Offender Act. The state relied upon a judgment record of the Montgomery County Circuit Court showing that, on June 18, 1942, Elmer S*c*heets pleaded guilty to a charge of stealing of hogs and that, on July 13, Elmer S*c*heets was sentenced to three years' imprisonment for such offense. Appellant first objects that there was no showing that appellant was the same person as the Elmer S*c*heets sentenced in 1942.

■ The state relies upon the rule that identity of names is a sufficient showing to invoke the Second Offender Act. State v. Garrett, Mo.Sup., 435 S.W.2d 662, 666[8]; State v. Harris, Mo.Sup., 452 S. W.2d 577, 578[2]. To establish identity of names, the state further relies upon the rule of idem sonans. That rule was recognized in the application of an earlier Second Offender Act. State v. Griffie, 118 Mo. 188, 23 S.W. 878, 881. In that case the court stated that idem sonans exists "if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long-continued usage has by corruption or abbreviation made them identical in pronunciation." 23 S.W. 881. That rule is here applicable and tested by it, the names "Sheets" and "Scheets" are idem

sonans and the trial court properly found that appellant was the person named in the 1942 proceedings. That finding is bolstered by a Certified Transcript of Serial Record of the Department of Corrections, showing that Elmer *Sheets* was received by that agency on July 16, 1942, on a three-year sentence for stealing hogs, imposed in the Montgomery County Circuit Court on July 13, 1942. The trial court correctly found that this record was of the imprisonment of the Elmer S*c*heets previously referred to. The record indicates at least that at the time of the 1942 proceedings and imprisonment the defendant was known by the names "Sheets" and "Scheets" and supports the finding that the appellant here and the defendant in the 1942 proceedings are one and the same person. Appellant objects that the Transcript of Serial Record should not have been admitted in evidence because it was not further connected with appellant. Again, the identity of names made a prima facie showing that the person there named is the appellant here. The objection that the transcript fails to show in what court the conviction occurred is without merit. It adequately shows that the conviction originated in Montgomery County and the judgment record shows that the conviction was in the circuit court of that county. The certification by the Director of the Division of Classification and Assignment of the Department of Corrections was adequate authentication of the document. State v. Crump, Mo.Sup., 454 S.W.2d 519, 521[1].

■ The objection that the 1942 circuit court record fails to show a conviction of the defendant there named is without merit. The record shows the acceptance of a plea of guilty on one day and a sentence to three years' imprisonment on a later date, with a completed judgment entered as of that time. State v. King, 365 Mo. 48, 275 S.W.2d 310, and State v. Brown, 115 Mo. 409, 22 S.W. 367, relied upon by appellant, are not here applicable. In those cases, the state relied upon minute entries to prove

prior convictions. Here, the record of the judgment was produced. It evidences a sentence of three years' imprisonment on a plea of guilty to a charge of stealing hogs, grand larceny under § 4456, RSMo 1939, and a felony under § 4457, RSMo 1939.

■ Appellant further contends that the record of the prior conviction should not have been admitted because it fails to show intelligent waiver of right to counsel. The record of the 1942 proceedings shows that, at the time of the entry of the plea of guilty, "said defendant is informed by the Court that he may have a reasonable time and opportunity to talk with a friend and an attorney before entering his plea in this cause; whereupon the said defendant declines to confer with a friend or an attorney and states he is ready to plead; * *." Appellant contends that the record fails to show that the defendant in 1942 was adequately advised as to his rights to counsel and that, under Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, the record of the prior conviction was inadmissible.

The record in this case would not show an intelligent waiver of counsel by an indigent defendant because it fails to show that he was advised of his right to free counsel. Schram v. Cupp, 9th Cir., 436 F. 2d 692, 695[1]. However, there is nothing in this record upon which to base a finding of indigency at the time of the 1942 proceeding. On the other hand, the record does show that, after sentence had been imposed upon the defendant, he did appear by attorney and request a bench parole which was denied. This fact would raise a question as to whether or not the lack of counsel upon the plea and sentencing was the result of the defendant's indigency and would cast the burden upon him of so showing if the judgment is to be collaterally attacked.

■ Furthermore, even if the 1942 judgment was void, its use in this case was harmless error. Under our procedure, the prior conviction affects only the mechanics for fixing punishment. The court, not the jury, determines the punishment. The jury here found the defendant guilty of burglary and stealing in connection therewith. For each of the offenses the minimum punishment which a jury might have imposed was two years. § 560.095 and § 560.110, RSMo 1969, V.A.M.S. However, since this was a joint prosecution, by § 560.110, 2, the trial court would have been required to determine whether or not the sentences should run concurrently or consecutively. Thus, in this case, the trial court, in any event, would have had a role in the determination of the punishment. Since the sentence imposed by the court is within the range of that which the court might have imposed had the jury fixed minimum sentences for each offense, the fact that the jury did not do so is in no manner prejudicial to the appellant. The use of the judgment record of the prior conviction did not taint "the guilt determination on the substantive charge" and was, therefore, harmless error. Gerberding v. Swenson, 8th Cir., 435 F.2d 368.

■ Appellant attacks Instruction No. 6, given by the court. It reads as follows:

"The court instructs the jury that by the term 'breaking into' is meant gaining an entrance to the premises described, by the use of any force whatsoever, however small, with the intent to commit a felony therein after gaining such an entrance. The mere lifting of a latch or turning a lock or opening a door or window not otherwise fastened and which was kept in its place by its own weight is in legal contemplation 'breaking into' and thus a burglary."

The objection that the second sentence, in purporting to define burglary, is erroneous because it omits reference to the necessary felonious intent which must accompany the breaking, is well taken. However, the principal verdict-directing instruction did adequately cover the element of intent. In addition, the jury

found appellant guilty of burglarious stealing, so there can be no doubt that the jury considered and found the requisite intent.

This instruction should not be given in this language, but here it resulted in no prejudice to appellant.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.