STATE of Missouri, Respondent,

v.

Preston PLATT, Appellant.

No. KCD 27131.

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

Gerald Kiser, Public Defender, Liberty, for appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Preston Platt was convicted by a jury of felonious distribution to Deanna Sue Warren, a minor, of a quantity of lysergic acid diethylamid, a controlled substance. His punishment was assessed at five years' imprisonment, and sentence and judgment were rendered accordingly. §§ 195.017, 195.020, 195.200, subd. 1(4), RSMo 1969, V.A.M.S.

Defendant went to trial November 13, 1973, following reversal of a previous conviction on the same charge for failure to grant a new trial when it was learned that Miss Warren perjured herself with respect to a certain letter in evidence. *State v. Platt*, 496 S.W.2d 878 (Mo.App.1973).

Appellant contends (I) that the court erred in failing to direct a verdict of acquittal at the close of the evidence "in that any verdict of guilty was not supported by substantial, sufficient or credible evidence."

Appellant concedes "that this very same point was present and argued before this Court in the previous appeal of this cause and the Court found against defendant in its opinion therein." Consequently, a brief statement will suffice to demonstrate a submissible case on this second trial and appeal.

In order to make its case, the State was required to prove: (1) distribution of LSD by defendant to Deanna Sue Warren; (2) that LSD is a controlled substance listed in Schedule I or II of the Narcotic Drug Act, Chapter 195, RSMo 1969; (3) that Miss Warren was under age 21 at the time of the distribution.

The evidence is uncontradicted that Deanna Sue Warren had in her possession on January 14, 1972, four pills containing LSD, that LSD is a Schedule I drug, and that Miss Warren was at that time 16 years old. That left only one element in dispute, i. e., whether defendant gave the pills to Miss Warren.

Evidence on the issue is in conflict. Evidence favorable to the verdict includes the testimony of Miss Warren that defendant gave her the pills at a pizza restaurant in Liberty, Clay County, Missouri, on the evening of January 13, 1972, so that she might deliver them next day at school to one George Doyle. Presence of both parties at the pizza restaurant was corroborated, as was Miss Warren's possession of the pills at school January 14, 1972, and an acquaintanceship of some standing between defendant and George Doyle. Miss Warren was explicit, consistent, and unwavering in her testimony on the issue of transfer of the pills from defendant to her. Any inconsistencies and failures of memory in her testimony went to collateral questions whether she was jealous or hostile as a result of estrangement from a prior romantic relationship with defendant, etc. Defendant denied that he gave the pills to Miss Warren, and undertook by cross-examination of her and by other witnesses to destroy her credibility.

The jury chose to believe Miss Warren; and, as on the previous appeal, "Suffice it to say * * * that although * * inconsistencies and contradictions bore heavily upon the question of Deanna's credibility, nevertheless, * * * credibility is for jury determination, and if the jury was willing to accept Deanna's testimony, even with the inconsistencies shown, her testimo-

ny so accepted was sufficient to sustain the verdict." *State v. Platt, supra,* 496 S.W.2d l.c. 881[1, 2].

Appellant contends (II) that the court erred in refusing defendant's Instruction B which would instruct, among other things, "The fact that defendant had been charged with an offense was no evidence against him," viz:

"The defendant is presumed to be innocent.

"The fact that the defendant has been charged with an offense is not evidence against him. It creates no inference that any offense was committed or that the defendant is guilty.

"The State has the burden of proving the guilt of the defendant beyond a reasonable doubt."

Appellant concedes that he can "cite no cases to the effect that this instruction has been held to be one in which it is reversible error to refuse to instruct when requested." He recognizes also, by his citations, that despite a feeling that instruction on the element in question should have been given in a particular case, the court would "not, however, rule that the rejection of such an instruction would, of itself, be reversible error," *State v. Brown,* 115 Mo. 409, 22 S.W. 367, 369 (1893); and that in *State v. White,* 339 Mo. 1019, 99 S.W.2d 72, 73[2] (1936), the court held "that an instruction of this kind is not one which the court must give on the law of the case * * *."

Appellant argues, however, that even though giving an instruction of the nature of his Instruction B was not mandatory, instruction on the element in question should have been given in this case because the charge is likely to arouse passion, prejudice, and indignant reaction of jurors.

The court did give Instruction No. 4 which, except for the second sentence of defendant's Instruction B, instructed the jury on the same subjects, viz:

"The law presumes the defendant to be innocent, and that presumption continues until it has been overcome by evidence which establishes his guilt beyond a reasonable doubt; and the burden of proving his guilt rests with the State.

"If, however, this presumption has been overcome by the evidence and the guilt of the defendant established beyond a reasonable doubt, your duty is to convict.

"If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence."

The State did not attempt to draw attention or significance to the charge; and Instructions Nos. 2, 3, and 4 confined deliberations of the jury in resolution of the various issues to the evidence at trial.

■ In these circumstances and at the time this case was tried, it was within the court's discretion to give Instruction B. Consequently, failure to give it, even upon request, was not reversible error. *State v. Brown, supra; State v. White, supra.*[1]

Appellant contends (III) that the court erred in refusing defendant's Instruction C on use of prior inconsistent statements of witness Warren for impeachment, "when the credibility of witness Warren and her impeachment by prior inconsistent statements was of prime importance to the defense and the subject was not covered in other instructions."

Appellant's requested Instruction C on credibility reads:

"Evidence that on some former occasion a witness made a statement consistent or in-

1. This question should not again arise because the element in question is now a part of MAI–CR 2.20, Burden of Proof and Relat- ed Matters, and must be given irrespective of request.

consistent with her testimony in this case, may be considered by you in deciding the credibility of the witness and the weight to be given her testimony. However, any prior statement of the witness must not be considered by you as evidence of the matters referred to in that statement, except as to such matters as you may find were admitted to be true by that witness in her testimony in this case."

■ The court instructed on the issue of credibility by Instruction No. 5, which is in the usual form and is virtually identical to Instruction A offered by defendant on the issue of credibility. It covers the issue, and additional instructions need not be given if the matter contained in offered instructions is adequately covered by the instructions given. *State v. Huffer*, 424 S.W.2d 776, 782 (Mo.App.1968).

■ In this case there were no prior inconsistent statements by Miss Warren on the single disputed issue, i. e., whether defendant gave LSD pills to Deanna Sue Warren. Her inconsistencies were developed on collateral issues. Consequently, there was no reason to emphasize prior inconsistent statements as an element of credibility beyond the coverage given the question by Instruction No. 5. *State v. Nimrod*, 484 S.W.2d 475, 479 (Mo.1972).[2]

Appellant contends (IV) that the court erred in sustaining the State's objection to defendant's questions of witness Warren pertaining to the number of boy friends and dating experience and questions pertaining to her jealous attitude, "as said evidence was proper cross examination and was relevant and material to the defense."

The record shows exhaustive cross-examination on Miss Warren's relationship to defendant. Of some thirteen objections made by the State in this area, four were sustained. One of the four related to whether Miss Warren had ever been in jail; another to repetitious testimony. The two remaining questions to which appellant complains objections were erroneously sustained were: "How many boys have you gone out with?" and "Do you consider yourself the jealous type, Deanna?"

■ Given the wide range of cross-examination of Miss Warren permitted defendant, and the broad nature of the two questions in issue, the complaint falls within the rule that the trial court has considerable discretion in control of the scope and extent of cross-examination into the bias of a witness. While the court may not prevent cross-examination, which it did not, it may properly limit the scope and extent of such cross-examination. *Thornton v. Vonallmon*, 456 S.W.2d 795, 798 (Mo.App.1970).

Appellant contends (V) that defendant was denied a fair and impartial trial "by the extremely inflammatory and prejudicial comments and arguments * * * that defendant was attempting to get drugs to the subcultural black market in Liberty High School by using money, by personalizing the case to the jury and by stating as facts incidents which were not in evidence."

■ Appellant refers to four incidents in the transcript with respect to this contention. In each instance, counsel objected and the court sustained the objection. On none of the occasions did counsel ask for further relief by way of asking for a reprimand, that the argument be disregarded or stricken, or that a mistrial be declared. Accordingly, the court granted all the relief requested, and there is nothing left for review. *State v. Cheatham*, 340 S.W.2d 16 (Mo.1960). See also *State v. Holmes*, 419

2. This question is also the subject of new treatment under MAI–CR. See MAI–CR 3.00, Series Instructions Required If Requested; MAI–CR 3.52, Impeachment or Rehabilitation by Prior Statements of Witnesses Other Than Defendant, and accompanying Notes on Use.

S.W.2d 15 (Mo.1967); *State v. Porter,* 458 S.W.2d 256 (Mo.1970).

Judgment affirmed.

All concur.