**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dennis Keith DITTMAN,
Defendant-Appellant.**

No. 10871.

Missouri Court of Appeals,
Springfield District,
En Banc.

July 13, 1978.

Motion for Rehearing and to Transfer
Denied July 24, 1978.

**364**

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard L. Parker, Asst. Public Defender, Vienna, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant was found guilty by a jury of receiving a stolen hydraulic jack, in violation of § 560.270 RSMo 1969, and sentenced to five years imprisonment. He appeals, contending the trial court erred in overruling his motion for acquittal because the evidence did not show he received the jack or that he knew it was stolen.

In determining the sufficiency of the evidence to sustain a conviction on a motion for a judgment of acquittal, the facts in evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. *State v. Wood,* 553 S.W.2d 333 (Mo.App.1977).

Between the evening of February 4, 1976 and the morning of February 5, 1976, several tools including the hydraulic jack were taken from a charcoal kiln near Belle, Missouri. The police located the property in a metal shed in the Belle area, and began a 24-hour surveillance. While the officers watched the building, a car passed the shed, turned around, came back, and stopped in front of the shed. The officers identified Butch Hollandsworth as the driver, Gail Price, in the front seat, Gary Basham, seated in the left rear seat, and defendant in the right rear seat of the car.

Hollandsworth and Basham had loaded the jack and some tools in the backseat of the car, when the police approached and ordered them to stop. As the car sped away, one officer fired four shots at the car. While pursuing the car, the police found the jack and other items along the road in the direction the getaway car had gone. The jack was lying along the right side of the road. The car was stopped approximately forty minutes later and defendant was arrested. When asked to explain the possibility of his fingerprints being found on the property, defendant said that was not possible because he had worn gloves.

■ The statute prohibits the receiving of property knowing it was stolen from

another. Receive as used by the statute means taking possession of the property. *State v. Reo,* 510 S.W.2d 211 (Mo.App.1974). Actual possession does not have to be shown and possession need not be exclusive. Constructive possession, the power and intent to control the stolen property, is sufficient, in a prosecution for receiving stolen property, to satisfy the essential element of having received the goods. *State v. Simone,* 416 S.W.2d 96 (Mo.1967).

Here, the evidence is insufficient to establish the element of possession necessary to convict defendant of receiving stolen property. It shows that Hollandsworth and Basham carried the jack and other tools from the shed and loaded them in the backseat of the car. There is no evidence that defendant assisted them in any way.

The state argues that an inference of possession in defendant arises from his presence in the right rear seat of the car at the shed, the jack's location in the backseat near defendant and later along the right side of the road, and defendant's statement that his fingerprints could not be on the jack because he was wearing gloves.

Mere access or proximity to stolen goods, however, is not enough to infer possession. *State v. Watson,* 350 S.W.2d 763 (Mo.1961). Control and dominion are looked to by courts to determine possession. *State v. Webb,* 382 S.W.2d 601 (Mo.1964); *State v. Watson,* supra. There is no showing that defendant exercised any control over the hydraulic jack. The evidence falls short of establishing defendant's possession of the jack. An essential element of the charge of receiving stolen property is missing. The judgment must, therefore, be reversed. Further, the defendant must be discharged. The Double Jeopardy clause of the 5th Amendment to the U. S. Constitution precludes a second trial once the appellate court finds the evidence insufficient to sustain the jury's guilty verdict. The prosecution is not allowed another opportunity to establish defendant's guilt. *Burks v. United States,* —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

The judgment is reversed and defendant ordered discharged.

All concur.