**STATE of Missouri, Respondent,**

v.

**Robert NORMAN, Appellant.**

**No. 40076.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 7, 1979.

Robert A. Hampe, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Brenda Farr Engel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Edward J. Rogers, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

After a jury-waived trial, the trial court found defendant guilty of receiving stolen goods and sentenced him to a term of three years imprisonment.

Upon appeal, defendant claims the state failed to prove that he received the stolen goods and that he had knowledge at the time of the receipt of the goods that such goods were stolen. We disagree. Defendant's statements to the police together with the surrounding circumstances establish the necessary elements of the offense of receiving stolen goods.

A confidential informant telephoned the police at 8:00 p. m. on February 10, 1977 to relate that three individuals in a white, 1973 Buick with the license # PG3636 were selling typewriters in the area of Taylor Street and Delmar Boulevard, a commercial district of the City of St. Louis. Two plainclothes police officers were dispatched to the area in an unmarked vehicle and arrived at about 8:15 p. m.

Defendant was standing near the rear of his automobile with the trunk open. He was holding a typewriter. Defendant placed the typewriter on the curb of the sidewalk. When police approached, they discovered another typewriter, a postage scale, and another item of office equipment in the defendant's automobile trunk and three rolls of copper wiring next to the automobile. The police questioned the defendant and two other persons who had been seated in the automobile when the police first approached, and *Miranda* rights were then read. Defendant then asked to speak privately with one of the officers.

In response to defendant's request to speak privately with the police, the police interviewed defendant as he sat in the rear of the police vehicle. Defendant told police he did not want to be blamed for what he feared were stolen items and that, because he did not want to be involved in a burglary, he would tell them what he knew about the property.

Defendant related that the other two suspects and a third person came to his house at 8:00 p. m. with the office equipment and asked defendant if he knew someone who would be interested in buying the property. Defendant told them he did. Some of the equipment was loaded into defendant's automobile, and the remainder was placed in his basement.

After receiving this information, the police went to defendant's home where additional office equipment was discovered. Police observed a business card from the Kaemmerlin Electric Company in one of the items of office equipment. The police went to Kaemmerlin Electric Company and ascertained that the property in question had been stolen during a burglary committed earlier in the evening. Defendant was arrested after the burglary was confirmed.

In determining the sufficiency of the evidence to sustain defendant's conviction, we must consider the facts and the favorable inferences reasonably to be drawn therefrom in the light most favorable to the state. All facts and inferences to the contrary must be disregarded. *State v. Trask*, 581 S.W.2d 417, 418[1–2] (Mo.App.1979).

The essential elements of the offense of receiving stolen property are: (1) the accused must have received the property in some way from another rather than being the actual captor of the property; (2) the property is stolen property at the time of reception; (3) the accused has guilty knowledge the property was stolen at the time of reception; and (4) the accused must have received the property with a fraudulent or criminal intent. *State v. Inman*, 578 S.W.2d 336, 337 (Mo.App.1979). Appellant argues the state did not prove defendant received the property or that he received property knowing it to be stolen.

We believe the state's evidence sufficiently proved defendant's possession of the property. *State v. Dittman*, 569 S.W.2d 363, 364–65[1] (Mo.App.1978) (mere access or proximity to the stolen property does not imply possession, but actual and exclusive possession need not be proven, and constructive possession, the power and intent to control the stolen property is sufficient). Our decision that the defendant's possession of the stolen property constituted a criminal offense is controlled by *State v. Johnson*, 580 S.W.2d 254 (Mo. banc 1979). In that case, police had received a telephone call from a confidential informant telling them a group of people were seen carrying tape recorders into a vacant building. The police did not have independent information regarding any burglary in which the tape recorders had been taken. The defendant was discovered with three other persons in a room in a vacant house. He was holding a tape recorder which proved to be stolen and endeavoring to remove marks identifying the owner of the property. The court held the evidence made a submissible case and that the evidence proved possession and reception of property with knowledge it was stolen. *State v. Johnson, supra* at 257–58[4–5]; *accord, State v. McAnulty*, 491 S.W.2d 259, 260–61[1] (Mo.1973). The presence of circumstances which permit the inference that others are involved and were the captors of the property provide the additional circumstances necessary to find the accused's possession of property was as the receiver of stolen property. *State v. John-son, supra; accord, State v. McAnulty, supra.* Further, the method chosen by which to dispose of the property may imply guilty knowledge. *State v. McAnulty, supra.*

In the instant case, the defendant was found in the possession of stolen property in the presence of others from whom he sought to dissociate himself concerning a burglary as yet unspecified. Portions of defendant's explanation, such as defendant's statement he came into possession of the goods at 8:00 p. m. at his home, were inconsistent with facts known to the police, such as knowledge that at 8:00 p. m. the defendant was about three miles from his home with the goods. The receipt of office equipment and rolls of copper wire late in the evening, coupled with an attempt to sell the goods on the city streets after normal store hours, is not consistent with the acts of an innocent man. We find sufficient facts were shown proving defendant received the goods with knowledge that they were stolen.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.