**STATE of Missouri, Plaintiff-Respondent,**

v.

**John R. JACKSON, Defendant-Appellant.**

**No. 10509.**

Missouri Court of Appeals, Southern District, Division One.

May 16, 1980.

Gene A. Hilton, Camdenton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Frank J. Murphy, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

GREENE, Judge.

Defendant John Jackson was charged in a two-count information with the crimes of attempted burglary of the Camdenton Medical Center, Camdenton, Missouri (§ 560.070, RSMo 1969), and possession of burglar's tools (§ 560.115, RSMo 1969).

After trial, the jury fixed defendant's punishment at two years' imprisonment on each count. A motion for new trial was filed and overruled and, thereafter, the trial court granted allocution and pronounced sentence. The judgment, entered on October 8, 1976, reads as follows:

"STATE OF MISSOURI, Plaintiff, )
)
vs. ) No. C–6208
)
JOHN R. JACKSON, Defendant. )

Upon an information charging the defendant with
   Count I – Attempted Burglary Section 560.070 RSMo. 1969
   Count II – Possession of Burglary Tools 560.115 RSMo

Now on the 19th day of August, 1976, the same being the day on which this cause was set for trial, the cause coming on for trial and to be heard, comes the State by the Prosecuting Attorney, and comes also the defendant, in proper person and by Gene Hilton his attorney of record, which attorney was selected and retained by the defendant of his own choice, and both sides announce ready for trial.

A jury is selected in panel and sworn to try the case, evidence is heard, the jury is instructed as to the law, and the case is argued and duly submitted to the jury.

Whereupon the jury, having retired to consider of their verdict, return into open court the following verdict, to-wit:

'As to Count One, we, the jury, find the defendant, John R. Jackson, guilty of attempted burglary in the second degree as submitted in Instruction No. 5. We fix the punishment at two (2) years /s/ Paul D. Shepard, Foreman.'

'As to Count Two, we, the jury, find the defendant John R. Jackson, guilty of possession of burglar's tool as submitted in Instruction No. 6. We fix the punishment at two (2) years. /s/ Paul Shepard, Foreman.'

Thereafter on the 8th day of October, Defendant, John R. Jackson, appeared for sentencing.

The court thereupon informs the defendant that he has been found guilty as charged of [A]ttempted burglary and possession of burglary tools, a felony, and the court asks the defendant if he has any reason to give why judgment and sentence should not be pronounced upon him in accordance with law and the defendant says nothing.

The court thereupon fixes the punishment of the said defendant in accordance with the said verdict and with law and pronounces sentence upon him.

Wherefore, it is by the court considered, ordered, adjudged and decreed that the said defendant shall be confined in the custody of the Department of Corrections of the State of Missouri in an institution or institutions designated by said Department in accordance with law for a period of four (4) years to commence on the __ day of _____, 19__, and that the State of Missouri have and recover of the defendant its costs herein expended and that execution issue thereof, and the defendant is remanded to the custody of the sheriff, to be by him delivered to the reception center of the Department of Correction and a certified copy of this judgment is to be delivered by said sheriff to the Division of Classification and Assignment of the Department of Correction in accordance with law. And the said Department of Correction shall receive and safely keep the said defendant until the judgment of the court herein be complied with or the said defendant shall be otherwise discharged in accordance with law.

IT IS FURTHER ORDERED, that the time spent by this Defendant in jail prior to his conviction and the date on which sentence was pronounced, amounting to 5 days, is calculated as a part of the term of the sentence imposed upon him."

The purported judgment says that the defendant is sentenced to a term of four years, without saying what for. Defendant was found guilty on two counts, but the judgment is in the singular, which is at odds with the verdicts.

■ The record indicates that the trial court intended to sentence the defendant to two years' imprisonment on each count and, in the exercise of its discretion, *Cole v. State*, 553 S.W.2d 877, 882 (Mo.App.1977), to run the sentences consecutively. Unfortunately, the judgment does not so reflect. It is the entry of the judgment which triggers the appellate process. *State v. Wilke*, 560 S.W.2d 601, 602 (Mo.App.1978).

■ In view of the aforementioned deficiencies, the appeal must be held in abeyance and the cause is remanded to the trial court, with directions to set aside the judgment of October 8, 1976, and to enter a proper judgment, *State v. White*, 339 Mo. 1019, 99 S.W.2d 72, 75 (1936), from which judgment defendant may, if he chooses, file a new notice of appeal and supplement the transcript filed in this court with a proper judgment, at which time the appeal will be reinstated.

All concur.