**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Leroy STANBACK,**
**Defendant-Appellant.**

**No. 50192.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

J. Andrew Walker, Mary Elizabeth Dockery, Asst. Public Defender, Clayton, Mo., for defendant-appellant.

Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, Mo., for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of one count of receiving stolen property and was sentenced as a persistent offender to fifteen years' imprisonment. He appeals; we affirm.

Defendant and another man were in the Sears, Roebuck & Co. store in the Jamestown Mall in St. Louis County when they aroused the suspicions of Sears employees. The pair were placed under personal and camera surveillance by Sears security officers. The men later were observed via surveillance camera leaving the store through an exit to the parking lot. They had garments in their arms, and their exit was recorded on videotape.

Security officers pursued the pair and, when they did not see them on the parking lot, they began looking in parked vehicles. In one of the automobiles, a security officer discovered a pile of women's coats on the back seat and defendant under the coats. The coats bore Sears merchandise tags. At trial, the ladies fashion buyer at the Jamestown Mall Sears store identified the coats as ones she had purchased and marked.

In his first point, defendant alleges "the trial court erred in failing to direct a verdict of acquittal [because] the evidence failed to show that the property in question was in fact stolen ..."

When the sufficiency of the evidence to take the case to the jury is challenged, our review is limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v. Payne,* 654 S.W.2d 139, 141 (Mo.App.1983). Despite defendant's contention that "there was absolutely no evidence ... that the property ... was ... stolen," the trial transcript reveals testimony that defendant was observed leaving the Sears store carrying garments, that he was found in a car on the nearby parking lot beneath a pile of ten women's coats with merchandise tags still in place, and that the store's buyer identified the coats as ones she had purchased and personally marked. We conclude this evidence was sufficient to permit a jury of reasonable persons to find defendant guilty, and, therefore, the trial court did not err in failing to direct a verdict for defendant.

Defendant's reliance on *State v. Celmars,* 399 S.W.2d 145 (Mo.App.1966), is misplaced because it is readily distinguished from the facts of this case. De-

fendant Celmars entered a Bettendorf supermarket, one of a chain of grocery stores in the St. Louis area, on a warm summer day wearing a suit and topcoat. His dress and actions aroused the suspicion of a store employee who observed him as he walked around the store and left without purchasing anything. The employee saw Celmars about five minutes later, a short distance from the store. Cartons of cigarettes were sticking out of his suit pocket. A police officer investigated, and Celmars showed him sixteen cartons of cigarettes, some of which were in a brown paper bag with "Bettendorf" on it. While the cigarettes were identified as having come from that particular Bettendorf store, no witness was able to state whether the cigarettes had been stolen or purchased. This court reversed Celmars's conviction stating that "[a]bsent proof these cigarettes were stolen, regardless of what this court or the trial court may believe as to the defendant's guilt or innocence, this record merely shows the defendant in possession of some cigarettes under peculiar circumstances authorizing a suspicion he had stolen them. That is not sufficient to sustain the judgment...." *Celmars*, 399 S.W.2d at 147.

In the case before us, defendant was observed via surveillance camera leaving the Sears store, carrying a bundle of garments without having paid for them. Defendant's exit was videotaped, and the jury viewed the tape. No such observation was made in *Celmars*. In this case, there is more than a suspicion that defendant stole the coats.

■ In his second point, defendant alleges error in the trial court's failure to direct a verdict of acquittal because defendant was "the receiver rather than the captor of stolen property and ... an essential element of the crime of receiving stolen property is that the accused must have received the property in some way from another

rather than having been the actual captor of the property."

Defendant's reliance on *State v. Norman*, 586 S.W.2d 45 (Mo.App.1979) also is misplaced. In *Norman*, this court stated the rule that one accused of receiving stolen property must have acquired it from another rather than being the actual captor. *Id.* at 47. But the defendant in *Norman* had been charged with violation of § 560.270, RSMo 1969, which subsequently has been repealed. The successor statute, § 570.080, RSMo 1978, under which defendant here was charged and convicted, does not require the captor/recipient distinction. The legislative intent of § 570.080 was to create a single crime of receiving stolen property which might be committed by doing any one of several acts: receiving, retaining, or disposing of property knowing or believing it to be stolen. *State ex rel. Westfall v. Campbell*, 637 S.W.2d 94, 98 (Mo.App.1982). Section 570.080 contemplates single-party transactions with respect to retaining or disposing of stolen property, *State v. Davis*, 607 S.W.2d 149, 153 (Mo. banc 1980), and the information here charged that defendant "kept [the property] knowing that it had been stolen." Therefore, defendant's second point is without merit.

In his final point on appeal, defendant challenges the trial court's finding that he was a persistent offender under § 558.016.-3, RSMo Cum.Supp.1984. He alleges that certified records of prior convictions presented to the court were those of "Leroy Stainback" and "Leroy Stainback, Jr." and not those of defendant, Leroy Stanback, whose name does not contain an "i." [1]

The prosecutor on the morning of trial filed an amended information alleging defendant to be a persistent offender. The court asked defense counsel if he had any objection to the amendment. He responded, "I was aware of the priors and have no

---

**1.** In his argument on this point, defendant claims other deficiencies regarding proof that he was a persistent offender. These alleged deficiencies were not raised in his motion for a new trial and thus are waived. We have, however, examined them and found them to be without merit.

objection, but I want the prosecutor to go through the process."

The court then took up the matter. Certified copies of two previous convictions showed the defendant in one case to be Leroy Stainback and the other to be Leroy Stainback, Jr. When the name discrepancy was brought to the court's attention, the judge said, "The court will make a ruling subsequent to this, but the information shows he is a black male, age 33, weight of 175 pounds. I am certain the defendant matches this description." Prior to the instruction conference, the court made a finding that defendant was a persistent offender.

■ The evidence must warrant a finding beyond a reasonable doubt that the defendant is a persistent offender. § 558.-021.1(2), RSMo Cum.Supp.1984; *State v. Pirtle*, 652 S.W.2d 272, 274 (Mo.App.1983). When a defendant's first and last names are the same as the first and last names shown on the record of a previous conviction, the state has made a prima facie showing of identity. *State v. McBurnett*, 694 S.W.2d 769, 771 (Mo.App.1985). When a defendant offers no evidence to rebut the prima facie showing of a prior felony conviction, the court may rely on the identity of the names to make a finding of persistent offender. *State v. Mays*, 622 S.W.2d 21, 23 (Mo.App.1982). Reliance upon prima facie evidence does not violate the requirement of proof beyond a reasonable doubt. *Id.*

Defendant contends the state has failed to make its prima facie case of identity because his name is spelled "Stanback" and the name in the prior conviction exhibits is spelled "Stainback" and one of the exhibits refers to a Leroy Stainback *Jr.*

■ We consider the presence or absence of the "Jr." to be of no more legal significance than one's middle name. *See, State v. Cook*, 463 S.W.2d 863, 868 (Mo. 1971). The variation in spelling could be explained as a typographical error, *see State v. Williams*, 693 S.W.2d 125, 127 (Mo.App.1985), or governed by the rule of

*idem sonans.* In *State v. Sheets*, 468 S.W.2d 640 (Mo.1971), the rule of *idem sonans* was applied to support a prima facie showing that defendant Sheets was the same person as one identified in a prior conviction record as S*c* heets. Names are *idem sonans* "if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long-continued usage has by corruption or abbreviation made them identical in pronunciation." *Sheets*, 468 S.W.2d at 642. The rule of *idem sonans* has been applied by courts of this and other states in many cases in which the spelling and apparent pronunciation of names have differed much more than "Stanback" and "Stainback" differ. *See, e.g. McAnarney v. Commonwealth Loan Co.*, 208 S.W.2d 480 (Mo.App.1948) (*McAnarney-McAnerney*); *Bulkley v. Thompson*, 240 Mo.App. 588, 211 S.W.2d 83 (1948) (*Bulkley-Buckley*); and *Rubin v. Bassakin*, 130 S.W.2d 224 (Mo.App.1939) (*Bassakin-Basskin*). (The *Bassakin* court cites an additional 15 cases in which the rule was invoked. *Id.* at 227.)

■ We therefore hold that because of the substantial similarities in spelling of the names "Stanback" and "Stainback," the state has made a prima facie case of identity. Because the state has made its prima facie case of identity, the rule in *State v. Fitzpatrick*, 676 S.W.2d 831, 838 (Mo. banc 1984) which requires additional evidence when the name of the person on trial varies from the name contained in a prior conviction record, is not applicable. Thus, arguments about the sufficiency of the description, "black male, age 33, weight of 175 pounds," are irrelevant. We note, however, that, as in *State v. Cook*, 463 S.W.2d 863 (Mo.1971), where a physical description of the defendant in the record supplied additional evidence, the trial court here also considered a description contained in the record.

Defendant has offered no evidence to rebut the state's prima facie showing of identity other than to point out the spelling variation and the "Jr." which appears in one of the conviction records. Therefore

the trial court did not err in its finding of proof beyond a reasonable doubt of two prior convictions.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.