**STATE of Missouri,**
**Plaintiff–Respondent,**
**v.**
**George REED, Defendant–Appellant.**

No. 53850.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 16, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Elizabeth R. Brown, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of feloniously receiving stolen property pursuant to § 570.080, RSMo 1986, and was sentenced as a persistent offender under § 558.016, RSMo 1986, to 12 years' imprisonment. He appeals; we affirm.

Defendant contends that the state failed to make a submissible case for receiving stolen property. In a jury tried case the standard of review for sufficiency of the evidence to take the case to the jury is whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v.*

---

**3.** See Note, *supra,* n. 1, 52 U.M.K.C.L.Rev. at 634–35.

*Stanback,* 719 S.W.2d 896, 897 (Mo.App. 1986). The following evidence supports defendant's conviction.

Two televisions and a videocassette recorder were burglarized from a Bacon Street residence between 6 p.m. and midnight on February 23, 1987. At about 1:00 a.m. of that same night a police officer began pursuing a van after it ran a stoplight. After a chase the van stopped abruptly and the driver fled on foot. The pursuing officer stopped his car and chased the fleeing driver on foot. The officer abandoned pursuit of the driver when the civilian who was riding on patrol with him, and who stayed in the patrol car, called him. When the officer arrived back at the van, the defendant and three other suspects were lying face down on the ground beside the van. After learning that the van was stolen, the officer arrested all four suspects.

Defendant voluntarily waived his constitutional rights at the police station and told the arresting officer that Melvin Bain stole the two televisions and the videocassette recorder. Defendant then wrote the following statement:

Melvin didn't want me to go with him. I stayed at Tootsie's house. About an hour later Melvin came in back. He said that he had the stull.[1] We walked up to Grand in St. Louis. We went to an alley and put two T.V.'s into the dumpster. I asked Melvin what he was going to do with the VCR. Melvin said to take it with us. And we walked back to Tootsie's house. We ran into a girl. I did not know her. She can (sic) Paul Reed, my cousin, and he said he was going to get his van. A few minutes he returned. Then me, Tootsie, Melvin, and the girl got into the van and back to the alley where we got the T.V. out of the dumpster. The girl said that she knew someone who we could take them to. Paul ran a red light and the police tried to stop us but Paul told us that the van was stolen. The police chased us for awhile. Paul said, "I'm going to run." He stopped the van and ran. We stayed in the van.

Through testimony of the victim of the Bacon Street burglary, the state established that dumpsters large enough to hold the televisions were present in the alleys of the neighborhood of the Bacon Street residence and that the two televisions and videocassette recorder taken from the van were stolen from the Bacon Street residence. This evidence is sufficient to make a submissible case of receiving stolen property.

Defendant's principal contention on appeal is that the state failed to prove the *corpus delicti* of receiving stolen property independent of defendant's extrajudicial statements.

Judge Leedy speaking for our Supreme Court in *State v. McQuinn,* 235 S.W.2d 396 (Mo.1951) stated the law in Missouri on this issue.

[I]t is ... well established that full proof of the corpus delicti independent of the defendant's extrajudicial confessions is not required.... "On the contrary, what seemed to be only slight corroborating facts have been held sufficient. *State v. McGuire,* 327 Mo. 1176, 39 S.W.2d 523." ... "If there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in his [defendant's] confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved."

*Id.* at 397 (citations omitted).

There is sufficient evidence of corroborating circumstances in the facts of this case to consider both the circumstances and defendant's extrajudicial statements in determining if the state proved the corpus delicti of receiving stolen property. The state has not only proven the corpus delicti of receiving stolen property, it has identified the criminal actor.

Defendant's remaining point on appeal is that the court committed prejudicial error in admitting evidence that the van was stolen on the grounds that the evidence was hearsay, evidence of uncharged crimes, and evidence of an unrelated crime. We have examined the record and conclude that the court did not commit reversible error and that there is no manifest injustice.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. The officer testified that defendant meant stuff when he wrote stull.