**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**James L. CELMARS, Defendant-Appellant.**

**No. 32108.**

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1966.

J. B. Mackler, Kramer, Chused & Kramer, Samuel H. Liberman, II, St. Louis, for defendant-appellant.

Lawrence J. Lee, Pros. Atty., James I. Bucher, Allen I. Harris, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

This cause was tried in the St. Louis Court of Criminal Correction upon an information which alleged the defendant unlawfully and intentionally stole sixteen cartons of cigarettes of the value of $48.00 from Allied Super Markets, Inc., a corporation doing business as Bettendorf-Rapp. A jury was waived and upon conclusion of the trial the court entered its verdict and judgment finding the defendant guilty and sentencing him to pay a fine of $250.00 and to serve six months in the workhouse. The defendant contends the judgment should be reversed for the reason that there was no evidence that a crime had been committed. In our opinion this contention is determinative of this appeal and the statement of facts which follows will be limited to those facts bearing upon this issue.

The evidence was that a Mrs. Bixler, one of the employees at the store, saw the defendant walking around inside the store and noticed that in spite of the fact it was a warm June day he was wearing a suit coat and a topcoat. She saw the defendant walk out through the check-out counter without purchasing anything. This occurred shortly before 5:00 o'clock. She got off work at 5:00 and her husband picked her up at the store. As she was riding in an automobile down the street, this witness saw the defendant on a parking lot across the street from a Katz drug store which was located about 50 feet from the Bettendorf store. This was about 5 minutes after she saw the defendant leave the store. On this occasion she observed that cartons of cigarettes were sticking out of his suit pocket.

The arresting officer stated that at approximately 5:17 that afternoon which, as close as this record allows us to place it, was about twelve minutes after the employee last observed the defendant, he saw the defendant on the Katz parking lot looking around and walking around the lot in a manner the officer thought suspicious. He also described defendant's manner as if he was attempting to determine if there was anybody in the vicinity. The officer was of the opinion the defendant was hiding something and drove over to the lot upon which the defendant was then standing and told him, "Get whatever you are hiding from behind there." The defendant and the police officer then walked about ten feet to the rear of a store where the defendant lifted up a large piece of cardboard under which were sixteen cartons of cigarettes. Several of the cartons were in a large paper bag having the word "Bettendorf" on it. The officer asked the defendant where he got the cigarettes and the defendant stated that he had purchased them from a friend named Amos Johnson for $20.00. The officer testified that Mrs. Bixler had told him that she saw the defendant with some cartons of cigarettes in his pocket but that he did not have a bag. When the officer asked the defendant about the bag, the defendant stated that it came with the cigarettes from Amos Johnson. The officer also testified that the defendant told him that Amos Johnson put the cigarettes under the cardboard and told the defendant where to find them. The officer first took the defendant into the Katz drug store and then took him to the Bettendorf store to see the manager.

Other testimony pertinent to this issue is that while the cartons of cigarettes were identified as having come from the Bettendorf store, the State's witnesses testified they could not tell whether the cartons of cigarettes had been stolen or purchased from the store. The manager of the store also testified that he did not know of any merchandise being stolen from the store on the date of this incident. It is intriguing to note that the defendant, as a part of his defense, offered the testimony of a psychiatrist who testified that in his opinion the defendant was a "sociopath" and that, as to the defendant, this condition manifests itself in the stealing of cigarettes.

In this state the corpus delicti consists of two elements: (1) proof, direct or circumstantial, that the specific loss or injury charged occurred; (2) someone's criminality as to the cause of the loss or injury, State v. Worley, Mo., 375 S.W.2d 44, [1]. In other cases the corpus delicti has been stated to involve two things: a criminal act and the defendant's agency in the production of that act. State v. Jones, 106 Mo. 302, l. c. 312, 17 S.W. 366; State v. Knolle, 90 Mo.App. 238, l. c. 241. In the instant case proof of the first element is absent from this record. There is no evidence, direct or circumstantial, to show these cartons of cigarettes were stolen. The State's evidence is devoid of any identification of these cigarettes as having been stolen. To the contrary, the State's witnesses admitted they could not tell if these cigarettes had been stolen or purchased. In addition the State's evidence even includes testimony by the store manager that he did not know of any merchandise being illegally taken from the store on the date of this occurrence.

In State v. Jones, supra, the court held (106 Mo. 302, l. c. 313, 17 S.W. 366, 369): "The *corpus delicti* must be established in every criminal prosecution before a conviction can be sustained. While it may be established by circumstantial evidence, the courts, and particularly the trial courts, should see to it that the evidence is cogent and convincing, and excluding all other reasonable hypotheses. Mere suspicion, however strong, will not supply the place of evidence when life or liberty is at stake. * * *" The evidence in the instant case does not exclude "all other reasonable hypotheses." State v. Jones, supra. Absent proof these cigarettes were stolen, regardless of what this court or the trial court may believe as to the defendant's guilt or innocence, this record merely shows the defendant in possession of some cigarettes under peculiar circumstances authorizing a suspicion he had stolen them. That is not sufficient to sustain the judgment rendered which must be reversed.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The judgment is reversed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.