STATE of Missouri, Respondent,

v.

Kenneth E. GOFF, Appellant.

No. KCD26147.

Missouri Court of Appeals,
Kansas City District.

April 2, 1973.

Philip H. Schwarz, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John P. Barelli, Law Intern, Sam Modica, and John R. Minton, Asst. Prosecutors, Kansas City, for respondent.

PRITCHARD, Judge.

By the verdict of a jury appellant was convicted of a charge of the misdemeanor offense of stealing under $50.00. The jury fixed the punishment at 60 days imprisonment in the Jackson County jail upon which the court entered sentence. The sole point here presented is that the court erred in overruling appellant's motion for new trial because there was insufficient evidence of stealing "in that there was no evidence that anything of value had been taken from victim's vending machine." In the prayer of his brief appellant asks for reversal and discharge.

The state says that appellant failed to preserve any error in his motion for new trial with sufficient particularity for appellate review. It is noted that appellant made an oral motion for judgment of acquittal at the close of the state's case, and again at the close of all the evidence. Those motions and an alternative motion for new trial are presented in the after-trial motion upon one ground, "The Court erred in overruling the defendant's Motion for Judgment of Acquittal at the Close of the State's Evidence and at the Close of all the Evidence." If the assignment is deficient in that it fails to specify *wherein* the evidence is insufficient to sustain the conviction, the matter may and will be re-

viewed as plain error affecting substantial rights under Rule 27.20(c), V.A.M.R. Appellant develops the alleged insufficiency of evidence in his brief.

Officer John Botkin, Jr., arrested appellant on February 2, 1971, at 5130 Deramus Street, Kansas City, Missouri. Appellant was then sitting alone behind the wheel of a 1956 Chevrolet which was parked in front of the fire station in the driveway at that address. Botkin was then aware that a vending machine had been broken into at *1503 Grand* shortly before appellant's arrest. In the Chevrolet Botkin found a canvas sack of money with the Commerce Trust Company name printed on it. It was located on the right rear floorboard of the vehicle, and contained $53.05 in silver coins. Appellant's brother, Marvin Goff, was arrested inside the fire station in front of a cigarette machine which had the front off of it, "and this ring of keys was in the lock of the cigarette machine." On appellant's person Botkin found some personal car keys "and another vending machine key (indicating)."

Howard Adams was in the cigarette vending machine business (Elmad Products) on February 15, 1971, and had a machine at Ethel's Cafe, 1503 Grand. Sometime prior to February 15, 1971, appellant was in his employ—sometime late in 1970, for about 6 months, and his job was filling vending machines. Appellant had keys like those which fit vending machines. Adams did not miss any keys when appellant left his employ, and appellant did then leave his keys. Exhibit 2 (or 3?) being the keys to Adams' vending machines, with the marks "double X, and 66, and 8–10–70" which he knew, was admitted into evidence. On February 15, 1971, Adams was made aware that his machine at Ethel's Cafe was gotten into with a key. On that particular day his regular route man had not opened the machine, he being the only man authorized to open it. Adams banked at the City National Bank.

Detective William Cronley, after first advising appellant of his rights, interviewed him on February 15, 1971, while he was in custody. Appellant waived his rights and told Cronley, "that whereas he did not enter any place of business and take money from any machines he did drive the car belonging to his brother, Marvin L. Goff, and that Marvin entered several places of business, including the title place which is Ethel's place of business, and removed money from the vending machines. Kenneth stated he had been out of work for two weeks and he had worked for the Elmad Products in May of last year."

Appellant was charged (first in Magistrate Court) with unlawfully and wilfully stealing $10.00 in lawful currency of the United States, the property of one Elmad Products, a corporation, without the consent of the owner thereof. The state's theory as submitted in the instructions to the jury was that appellant was an intentional aider and abettor of another in committing the stealing.

 It is apparent from the foregoing evidence that the state failed to prove that there was anything of value located in the vending machine at Ethel's place, i. e. "That the property was lost by the owner," 52A C.J.S. Larceny § 129(5), p. 655, or that anything at all, was taken from the machine. Although appellant did state to Officer Cronley that his brother did enter several places of business and removed money from vending machines, including Ethel's place, that admission, standing alone, is insufficient to prove that there was money in any amount in the machine. Compare Kansas City v. Verstraete, 481 S.W.2d 615 (Mo.App.1972) and cases cited. There is no evidence here that anything was stolen, a fact to be proved as part of the corpus delecti. State v. Celmars, 399 S.W.2d 145 (Mo.App.1966). At most here there is a mere suspicion, albeit strong, that appellant and his brother stole money from the vending machine in Ethel's Cafe. State v. Mathis, 129 S.W.2d 20, 22 (Mo. App.1939). And compare also State v. Dixon, 420 S.W.2d 267, 271[4] (Mo.1967),

which held that stealing, in connection with a burglary, was not proved by the liquor store owner's testimony that $21.00 missing in change was shown on information on a cash register memorandum, where he had no actual knowledge of any practice to leave "change in the register."

It may be that upon retrial the state will be able to establish that money was in and was taken from the vending machine. If retrial is had, the state may be able also to clarify the dates of arrest, the alleged crime, and the date of the interrogation by the officer, as above emphasized, and also whether the Elmad Products Corporation was in fact the owner of money alleged to have been stolen.

The judgment is reversed and the case is remanded for new trial.

All concur.