**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John R. JACKSON, Defendant-Appellant.**

**No. KCD 29686.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Bruce W. Simon, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

The defendant was convicted by a jury of stealing property of a value of at least $50. In accordance with the jury's verdict, he was sentenced to two years imprisonment. He was alleged to have stolen a chain saw

from the Sears store at the Independence Shopping Center.

■ Defendant has appealed to this court, alleging only that the evidence was insufficient to show that "the chain saw was . . . the property of Sears or stolen from Sears," and, therefore, insufficient to sustain the conviction. Defendant's point must be disallowed and the judgment affirmed.

The State's evidence tended to prove the following facts:

On January 8, 1977, at about 6:00 P.M., defendant saw and was seen by police officer Bales, who was in uniform, as they both emerged by different doors from a Sears store in Independence, Missouri. Defendant was carrying a chain saw. Upon seeing the police officer, he quickly stepped behind a partition, from which he shortly reappeared without the chain saw.

Upon the officer's inquiring where the chain saw was, the defendant said, "It's around here," pointing in the direction of a truck sitting on the parking lot. An electric "Craftsman" chain saw was found behind the front wheel of the truck. Nearby there were found in the snow a few minutes later a white price tag and a red safety tag, which were identified as being of the kind which would have been on the chain saw as it rested on a display rack in the Sears store—and a National Beef Packing payroll check, acknowledged by defendant to be his.

Defendant's explanation to the police officer upon his arrest was that he had placed the saw under the truck because he had gotten tired of carrying it, that he was looking for his wife in the store, and that she had bought the chain saw that day.

Defendant had been in the chain saw area at about 6:00 P.M. He had asked witness Truelove, the salesman in the department, if he had seen a payroll check. At about 6:30 P.M. it was discovered that a chain saw, of the kind being carried by defendant, was missing from the display rack. It was Sears' practice not to sell the display saws, but upon sale to get one from the stockroom. In any case they had not sold any chain saw on the day in question.

The defendant had carried a chain saw to the catalog sales desk and had asked the manager of that area, witness Tannahill, if he could leave it there beside the counter for a few minutes. The witness said he could. Defendant returned in a few minutes, exchanged nods with the witness, picked up the chain saw and left toward the outside exit.

Defendant's own testimony on the trial, corroborated in some respects by other witnesses called by him, was that he had purchased the chain saw that day from a woman named Sue Lyons, and that she had brought him to the store for the purpose of exchanging it for a gas-powered saw. Sue, whom he had not known before, was to wait for him at the south side of the building. She was not there when the defendant returned. He had placed the saw under the truck and was going to call someone to pick him up when he had his unfortunate encounter with Officer Bales.

Considering only the evidence tending to support the verdict, as we must, and rejecting that which is contrary to it, *State v. Lee,* 556 S.W.2d 25, 32 (Mo. banc 1977) [reversed on another point by the Supreme Court of the United States, *Lee v. Missouri,* —— U.S. ——, 99 S.Ct. 710, 58 L.Ed.2d 736, 1979] it is quite clear that the verdict is abundantly supported by the evidence. It requires no extended argument to demonstrate that which is clear on its face.

■ It is true, of course, that in cases which depend upon circumstantial evidence, [t]he facts and circumstances relied on by the state to establish guilt must be consistent with each other, consistent with the guilt of the defendant, and inconsistent with any reasonable theory of his innocence. (Citations omitted) *State v. Lee, supra* at 32.

This does not mean, however, that the jury must accept defendant's exculpatory explanation of incriminating facts and circumstances. The jury may reject defendant's explanation, and the testimony tend-

ing to support it, and may accept the defendant's guilt as the more plausible construction. *State v. Hatten,* 561 S.W.2d 706, 711 (Mo.App.1978). That is what the jury has done here, and what it had the right to do.

*State v. Celmars,* 399 S.W.2d 145 (Mo. App.1966) is cited by defendant. In that case, the defendant was found with cigarettes shown to have come from the Bettendorf-Rapp store. But the store employees were unable to testify whether the cigarettes were stolen or purchased—and, in fact, the manager knew of no merchandise being stolen from the store on that date. On such evidence, or the lack of it, it was held that the evidence was insufficient to support a guilty verdict. The evidence in the case before us is much stronger than in *Celmars.*

The judgment is, therefore, affirmed.

All concur.