**STATE of Missouri, Plaintiff-Respondent,**

v.

**Monroe Harold EVANS, Defendant-Appellant.**

No. 15081.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 30, 1987.

Motion for Rehearing or Transfer Denied and Overruled Nov. 16, 1987.

Elizabeth Bock, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the defendant guilty of the class C felony of stealing a typewriter, portable stereo and an electronic keyboard in the possession of K–Mart, Inc., at its Sunshine Store in Springfield. The trial court found the defendant was a persistent offender and sentenced him to imprisonment for 15 years. By his one point on appeal, the defendant contends the evidence is insufficient to support his conviction.

"In reviewing to determine if the evidence was sufficient to support the charge, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregard all evidence and inferences to the contrary." *State v. Mentola,* 691 S.W.2d 420, 421 (Mo.App. 1985). When the evidence is so viewed, the following is a condensation of the facts established by that evidence.

On February 2, 1986, an employee saw the defendant carrying a portable stereo box and a keyboard box toward the front of the store. A few minutes later the employee saw the defendant carrying a typewriter box toward the front of the store. The box did not bear the customary sales receipt. A check by the employee established no one had purchased a portable stereo, an electronic keyboard or a typewriter from the appliance department. After he was alerted, the store manager saw the defendant carrying a typewriter box out the front door. When the defendant reached the parking lot the manager asked the defendant to produce a sales receipt. The defendant shoved the box at the manager and said it wasn't his. The defendant attempted to flee but was restrained.

The employee returned to the store after it closed. He saw an automobile on the parking lot. Through the windows he saw a keyboard box and a stereo box on the back seat partially covered by a coat. The automobile belonged to the defendant. When opened, each of the boxes contained the designated item.

The defendant's specific complaint is that "the state failed to prove that K–Mart

owned or possessed the Casio Electronic Keyboard, portable stereo, and the typewriter." He bases that complaint upon the evidence concerning the identification of the keyboard and stereo. The relevant evidence, in addition to that summarized, was as follows. The typewriter bore an identification tag of the particular store. The keyboard and stereo bore K–Mart price tags and were similar to those carried in the particular store. However, there was no tag identifying the store nor could the items be so identified by serial number. It was admitted it was possible the latter two items could have been carried by another K–Mart store.

The defendant's point is patently fallacious. Ownership or possession, "like every other element of the offense of stealing, can be proven by circumstantial evidence." *State v. Gobble*, 675 S.W.2d 944, 947 (Mo.App.1984). Under the evidence outlined, it is redundant to state it is a reasonable inference the defendant carried the two items from the possession of K–Mart, Inc. at the particular store in question. That inference is made more obvious by the defendant's attempt to flee, his lie that he took a cab to the store, and his subsequent threat "to get" the arresting officer.

The defendant cited *State v. Celmars*, 399 S.W.2d 145 (Mo.App. 1966). That case has been often cited and often distinguished. See *State v. Thomas*, 529 S.W.2d 379 (Mo.1975); *State v. Stanback*, 719 S.W.2d 896 (Mo.App.1986); *State v. Williams*, 589 S.W.2d 116 (Mo.App.1979); *State v. Jackson*, 578 S.W.2d 326 (Mo.App.1979) and *City of Kansas City v. Stoner*, 424 S.W.2d 768 (Mo.App.1968). It is only necessary to observe the facts of this case readily distinguish it from State v. Celmars, supra. The defendant's point has no merit and the judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.