STATE of Missouri, Respondent,

v.

Mitchell Lee LEACH, Appellant.

No. 53347.

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
June 1, 1988.

Application to Transfer Denied
July 26, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant was convicted by a jury in the Circuit Court of the City of St. Louis of burglary second degree, in violation of RSMo § 569.170 (1986). The trial court found defendant to be a prior and persistent offender, and sentenced him to ten years imprisonment. On appeal, defendant argues that the trial court erred in overruling defendant's motion for judgment of acquittal after all the evidence was presented because the fingerprint evidence introduced at trial was insufficient to prove second degree burglary. We affirm.

The evidence reveals that on September 28, 1986, Mr. Bud's Restaurant and Bar was burglarized. The following items were stolen from the bar area: food, liquor, a canister of money, and a camera, with a total value of $1500.00. The burglar entered through the bar's right front window. Ordinarily this window was well secured and permanently closed in accordance with city health code regulations. Two sets of fingerprints were discovered near the window's right edge. Both sets were identified as having been made by defendant. State's witness, Police Officer Vogan, described three possible scenarios which would explain the presence of defendant's fingerprints on the window. First, while inside Mister Bud's, defendant could have leaned against the window with his hands behind his back. Second, also while inside the establishment, he could

have bent his hand back in an uncomfortable position. Last, the alternative accepted by the jury, defendant could have wrapped his hand around the window from the outside.

Defendant voluntarily turned himself in after learning that the police were looking for him. When told of the fingerprint evidence, defendant stated that the prints "were not his, they were someone else's." Also, defendant flatly denied ever having been at Mister Bud's. However, defendant later abandoned his original denial when he testified at trial. Defendant attributed the fingerprints' presence to his activities the night before the burglary; he stated that he ate dinner there with his girlfriend and her nephews and that he drew pictures on the window to amuse the nephews. Vogan testified that the fingerprints could not have been made by simply drawing on the window.

On appeal, we view the evidence and all inferences reasonably to be drawn therefrom in the light most favorable to the verdict, disregarding all contradictory evidence and inferences. *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). When the State relies on circumstantial evidence the facts and circumstances must be consistent with each other and with defendant's guilt, and inconsistent with any reasonable hypothesis of defendant's innocence. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987).

Defendant argues that the State's circumstantial evidence was insufficient; that the evidence did not exclude the reasonable hypothesis of innocence allegedly offered by defendant. Missouri courts have consistently ruled that a defendant's fingerprints at the scene of a crime alone are sufficient to make a submissible case. *State v. Hill*, 693 S.W.2d 151, 155 (Mo. App., E.D.1985). Defendant testified that he drew pictures on the window, and that he also closed the window after noticing it was open. However, the mere existence of some hypothesis is not enough to remove the case from the jury. *State v. Thomas*, 452 S.W.2d 160, 162 (Mo.1970). The jury was entitled to disbelieve the theory of-

fered by defendant. *State v. Bailey*, 651 S.W.2d 599, 601 (Mo.App., E.D.1983). Police Officer Vogan's testimony clearly provided a basis for the jury to find defendant's theory of innocence unreasonable.

█ Initially, defendant claimed he had never been to Mister Bud's. This assertion, plus defendant's other statement after his arrest that the prints "were not his, they were someone else's," are plainly inconsistent with his allegedly reasonable theory of innocence. As well as manifesting a consciousness of guilt, untrue denials can also constitute admissions. *See State v. Simmons*, 737 S.W.2d 488, 490 (Mo.App., E.D.1987). A permissible inference of guilt may be drawn from acts or conduct of an accused subsequent to an offense if they tend to show a consciousness of guilt by reason of a desire to conceal the offense or role therein. *State v. Lockett*, 639 S.W.2d 132, 136 (Mo.App., W.D.1982). Defendant's statements raised such a permissible inference.

Judgment affirmed.

SIMEONE, Senior Judge, and REINHARD, J., concur.