**STATE of Missouri, Respondent,**

v.

**Samuel E. MASA, Appellant.**

**No. 55900.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1989.

Joel B. Eisenstein, Maryella Stribiling, St. Charles, for appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Samuel Masa, appeals his jury conviction for felony stealing pursuant to RSMo § 570.030 (1986) and his sentence as a persistent offender, RSMo § 558.016 (1986) to a term of fifteen years imprisonment. In this appeal, appellant claims lack

of sufficient evidence to support his conviction and instructional error. We affirm.

■ Appellant's first claim on appeal is his challenge to the sufficiency of the evidence to support his conviction. In reviewing the evidence, this court accepts as true all evidence favorable to the State together with all reasonable inferences to be drawn therefrom, and ignores all contrary evidence and inferences. *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984) *cert. denied* 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984); *State v. Leach*, 752 S.W.2d 395, 396 (Mo.App., E.D.1988).

In so viewing the evidence, the record reveals that on November 1, 1987, the defendant and James Hook entered a Walmart Store in Washington, Missouri. They went to the electronics department and put a VCR into a shopping cart. Defendant then took the VCR to the electronics department cash register and paid for it. Upon payment, the cashier taped a cash register receipt to the VCR box. Defendant and Hook then proceeded to the front of the store with the VCR. Before reaching the front of the store, however, Hook turned to the right while defendant continued toward the exit in the front of the store with the VCR. Mr. Edwards, a security officer, decided to follow Hook. Edwards observed Hook pick up a shopping cart and take it to the electronics department. Hook then placed the same model VCR that defendant had just purchased and put it in his cart. He then proceeded to the hardware aisle where he stood waiting for five minutes. Defendant joined Hook in the hardware aisle and, without saying a word, took out the sales receipt for the VCR he purchased and put it on the VCR in Hook's cart.

Defendant then headed toward the electronics department while Hook proceeded to the exit. Hook left the store without paying for the VCR and was stopped by security personnel. Hook was taken back into the store by security personnel who found defendant in the electronics department with another VCR of the same model number in his shopping cart.

Defendant contends that his motion for acquittal should have been sustained because "there was no evidence in the record that any merchandise had been stolen from the store and thus no corpus delecti had been proven." There can be no question that it was incumbent upon the State to show that property was stolen as part of the corpus delecti. *State v. Celmars*, 399 S.W.2d 145 (Mo.App., St.L.1966). In *Celmars*, the evidence showed that defendant, clad in an overcoat on a hot day, exited a store without purchasing anything. Several minutes later the defendant was found with sixteen cartons of cigarettes stashed under some cardboard in a sack with the store's name on it. There was no evidence in *Celmars*, however, that the cigarettes had in fact been stolen. The State's witnesses could not say if the cigarettes had been stolen or purchased and the store's manager did not know of any merchandise being taken on the date of occurrence. *Celmars* at 147. In this case, however, the defendant was observed heading toward the front of the store with a VCR. A few minutes later he returned without the VCR and attached his receipt onto a second VCR in the possession of Hook. No words were exchanged by the parties when the receipt was placed on the second VCR. A reasonable and logical inference from this evidence was that defendant and Hook sought to appropriate the second VCR without paying for it; the first VCR being removed by the defendant after the sale. We hold the State made a submissible case on the issue of whether an appropriation actually occurred.

■ The defendant claims that the State failed to exclude all reasonable hypotheses of innocence and that the defendant could have been executing an "informal exchange" of the purchased VCR for the VCR in the possession of Hook citing *State v. Brunson*, 516 S.W.2d 799, 803 (Mo.App., K.C.Dist.1974). The defendant, however, misconstrues the circumstantial evidence rule and the evidence in this case. The "circumstantial evidence rule" governs only those cases founded entirely upon circumstantial evidence. *State v. Nickens*, 701 S.W.2d 478, 486 (Mo.App., W.D.1985).

The present case is supported by both direct and circumstantial evidence. The testimony of Mr. Edwards describing the actions of the defendant and Mr. Hook was derived from his firsthand knowledge and was, therefore, direct evidence of the defendant's guilt. Thus, the circumstantial evidence rule is not applicable here.

■ Defendant next argues that the trial court erred in giving Instruction No. 7, the State's verdict director. Instruction No. 7 reads:

### Instruction Number 7

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 21, 1987, in the County of Franklin, State of Missouri, Johnny Hook took one Emerson brand video-cassette recorder, property owned by Walmart, and

Second, that Johnny Hook did so without the consent of Walmart, and

Third, that Johnny Hook did so for the purpose of using or disposing of it in such a way that made recovery by the owner unlikely, and

Fourth, that the property so taken, had a value of at least one hundred fifty dollars,

then you are instructed that the offense of felony stealing has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of that felony stealing, the defendant acted together with or aided Johnny Hook in committing that offense,

then you will find the defendant guilty of felony stealing.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of felony stealing, you will return a verdict finding him guilty of felony stealing.

The defendant asserts that it was error to give the instruction because there was no evidence to support a finding that Hook had committed any crime. Instruction 7 is based on MAI–CR3rd 304.04 and 324.02.1, the latter instruction being stealing without consent. MAI–CR3rd 304.04 "is applicable when the evidence shows that the defendant acted together with another person in the commission of an offense or in any manner aided another person in the commission of an offense." Note 6, Notes on Use (1987). MAI–CR3rd 304.04 does not apply where the defendant is to be held for the conduct of another person and that other person is not guilty of an offense. Note 9, Notes on Use, (1987): *State v. Baum*, 714 S.W.2d 804, 807 (Mo.App., S.D. 1986). The facts in the present case, however, clearly demonstrate that the defendant aided Hook in the commission of the offense of stealing without consent. Since Hook was committing an offense, *Baum*, does not apply here. Affirmed.

REINHARD and CRIST, JJ., concur.