

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED107183 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1722-CR01577 |
| | ) | |
| RODNEY KNOX, | ) | Honorable Clinton R. Wright |
| | ) | |
| Appellant. | ) | FILED:  November 12, 2019 |

## OPINION

Rodney Knox ("Knox") appeals from the trial court's sentences and judgment of conviction following a jury verdict finding him guilty of one count of felony stealing and two counts of misdemeanor stealing.  Knox argues the trial court erred in entering a judgment on Count I that incorrectly denominated his conviction, in imposing sentences on Counts III and V that exceeded the statutory maximum, and in entering judgment on Count I that was not supported by sufficient evidence.  We reverse, enter convictions on the lesser-included offenses, and remand for resentencing in accordance with this opinion.

## Background

The State charged Knox with three counts of robbery in the first degree, three associated counts of armed criminal action, and one count of resisting arrest[1] stemming from an incident that occurred on January 13, 2017. The following evidence was adduced at trial.

Jabari Turner ("Victim") testified to the following. On January 13, 2017, he was at his apartment with three friends. A man with whom he was familiar and whose name he later discovered was Dion knocked on his door, asking for a marijuana joint, which Victim provided for free. Shortly thereafter, there was another knock on the door, and when Victim answered it, Dion and three other men pushed their way into the apartment holding guns and with their faces covered. The intruders had Victim and two of his three friends lie on the floor while the intruders searched the apartment and went through the victims' pockets. Victim had his rent money of $1,200.00 in his pocket. The intruders left after about three minutes with bags, a laptop computer, a Playstation controller, cellular telephones, headphones, a speaker, marijuana, and a Versace belt. Victim called the police, who shortly thereafter apprehended two of the suspects. At the scene, Victim identified Knox as one of the four men who entered his apartment, and Victim stated Knox was holding a black and silver handgun during the robbery. Victim identified several of the items found in Knox's possession upon his arrest as having been stolen during the robbery.

Sergeant Adam Duke ("Sergeant Duke") and Officer Joseph Pierce ("Officer Pierce") of the St. Louis Metropolitan Police Department testified to the following. They received a call about a robbery in progress and were able to respond in less than one minute. Shortly after Sergeant Duke entered the lobby of the building, the elevator doors opened and four men exited.

---

[1] On the day of trial, the State filed a memorandum of *nolle prosequi* as to the charge of resisting arrest.

2

The four men had their faces covered and were carrying large bags hastily stuffed with numerous items, and one individual had headphones and a designer belt around his neck. Sergeant Duke identified himself as a police officer and ordered them to stop but, instead, the men dropped the items they were carrying and ran. Officer Pierce was outside the building and immediately apprehended one individual, later identified as Knox. Sergeant Duke apprehended another suspect later identified as Donnoven Williams. Upon his arrest, Knox informed the officers that he had a handgun in his pocket. A search of Knox's person revealed $1,570 in sorted U.S. currency, a watch belonging to one of the victims, a designer belt draped around his neck, a wireless Bluetooth speaker, and a pair of headphones.

Knox testified in his own defense to the following. He joined his uncles Dion and Donnoven Williams and a friend of theirs to buy marijuana from Victim, and Knox gave Dion $200.00 for the intended purchase. All four entered the building, but Knox waited on a different floor of the building while the three others went to Victim's apartment on the fifth floor. After waiting awhile, Knox went to the fifth floor where he saw Dion, Donnoven, and their friend exiting Victim's apartment with bags in their hands, their faces covered, and walking quickly. In the elevator items were falling out of the bags, and Donnoven told Knox to pick up the fallen items, so Knox put what he could in his pockets. When they got off the elevator, a police officer told them to stop; while the others ran, Knox did not because he was unaware the others had committed a robbery. Knox explained to the police he always carried a firearm, which was registered to him, because he had previously been robbed. He also explained he had been

3

carrying his life savings of $1,700.00 in cash[2] in his pocket that day, because his mother was a heroin addict and he did not want to leave his money at home where she might take it.

The jury convicted Knox on Count I of felony stealing and on Counts III and V of misdemeanor stealing and found him not guilty on Counts II, IV, and VI: the three associated charges of armed criminal action. The State noted that Count I, felony stealing, was a class D felony with a range of punishment of up to seven years in the Missouri Department of Corrections; and that Counts III and V, misdemeanor stealing, had a range of punishment from one day up to one year in jail and/or a fine. The judgment denominated Count I as the "class C felony" of "stealing over $500," upon which the trial court sentenced Knox to five years in the Missouri Department of Corrections but suspended the execution of sentence and placed him on probation for five years; and denominated Counts III and V as "class A misdemeanors" of "stealing under $500," upon which the trial court sentenced Knox to concurrent sentences of six months in the city jail, with credit for time served. This appeal follows.

<u>Discussion</u>

Knox raises three points on appeal. In his first point, he challenges the trial court's entry of judgment against him on Count I for "stealing over $500," which is a class C felony under the prior version of the statute, because the jury convicted him of felony stealing, which is a class D felony under the current statute. In his second point, Knox argues the trial court plainly erred in entering judgment against him on Counts III and V for class A misdemeanor stealing because the jury convicted him of class D misdemeanor stealing on both counts, and thus the sentence imposed exceeded the statutory maximum for the crimes of which he was convicted. In his third

---

[2] At his arrest, the amount was less the $200.00 he had given Dion to buy marijuana from Victim.

point on appeal, Knox argues the trial court erred in entering a judgment of conviction on Count I, felony stealing, because the evidence presented at trial was insufficient to prove beyond a reasonable doubt that Knox stole or received property valued at $750 or more from Victim. All three of Knox's points are well taken; however, in light of our decision in Point III to reverse the trial court's conviction on Count I of felony stealing and instead enter a conviction of class D misdemeanor stealing, Knox's first point is moot and we do not address it.

## Point II

In his second point on appeal, Knox argues the trial court plainly erred in entering a judgment of class A misdemeanor stealing on both Counts III and V and in sentencing Knox to concurrent terms of six months imprisonment in the city jail because the jury in fact convicted him of two class D misdemeanors and Section 558.002, RSMo. (2016),[3] authorizes only a fine for class D misdemeanors, and thus the sentence exceeded the statutory maximum for the crimes of which he was convicted. We agree.

Knox concedes he did not object below to the propriety of the trial court's judgment on Counts III and V below and thus it is not preserved for appellate review, but he requests plain error review under Supreme Court Rule 30.20. Plain error occurs where the record facially establishes substantial grounds to believe plain error occurred, which is error that is evident, obvious, and clear, resulting in manifest injustice or a miscarriage of justice. *State v. McCleary*, 423 S.W.3d 888, 896 (Mo. App. E.D. 2014). A sentence that exceeds what is authorized by law affects substantial rights and results in manifest injustice. *State v. Greer*, 348 S.W.3d 149, 153

---

[3] All further statutory references are to RSMo. (cum. supp. 2016), unless otherwise indicated.

(Mo. App. E.D. 2011). Thus, plain error occurs if the trial court imposes a sentence in excess of that authorized by law. *Id.*

After a jury verdict, the trial court entered judgments of conviction on Counts III and V for class A misdemeanor "stealing under $500,"[4] and at issue here is whether the State proved Knox committed class A or class D misdemeanor stealing. A person commits the offense of stealing if he or she appropriates property of another with the purpose to deprive that person of their property without that person's consent, or if he or she retains property of another for the purpose of depriving the lawful owner thereof, knowing or believing the property to be stolen. Section 570.030.1(1), (3). Stealing is separated into classes. As relevant to the issues raised in this Point, stealing is a class D felony when the value of the property is $750 or more. Section 570.030.5(1). Stealing is a class D misdemeanor when the value of the property is less than $150 and the defendant "has no previous findings of guilt for a stealing-related offense." Section 570.030.7. Stealing is a class A misdemeanor "if no other penalty is specified in this section." Section 570.030.8.

The parties argue contrary interpretations of the statute for class A misdemeanor stealing. Knox argues that, by implication, for stealing to be a class A misdemeanor, the value of the property must be between $150 and $749. The State responds that, under the plain language of the Section 570.030, where there is no evidence establishing a different classification for the

---

[4] We note the trial court made a clerical error in denominating the convictions on Count III and V as class A misdemeanor "stealing under $500," which reflected the language of the prior version of the statute; however, in light of our decision reversing the convictions on Counts III and V, this clerical error is moot.

offense (i.e. establishing a value of the property appropriated or received), the offense is a class A misdemeanor.[5]

Statutory interpretation is a question of law that we consider de novo. *State v. Whipple*, 501 S.W.3d 507, 513 (Mo. App. E.D. 2016). The primary rule of statutory interpretation is to give effect to the legislative intent as reflected in the plain language of the statute. *State v. Salazar*, 236 S.W.3d 644, 646 (Mo. banc 2007). When, however, courts are interpreting a criminal statute, such as Section 537.030, the "rule of lenity requires the statute to be strictly construed against the state." *Id.* We read all provisions of a legislative act together, and, where possible, construe each provision to harmonize with the others. *Dickemann v. Costco. Wholesale Corp.*, 550 S.W.3d 65, 68 (Mo. banc 2018); *see also Whipple*, 501 S.W.3d at 514.

Here, Section 570.030.8 provides that "[t]he offense of stealing is a class A misdemeanor if no other penalty is specified in this section." While the statute is silent as to the value of property that constitutes a class A misdemeanor, the plain language states "if no other penalty is specified in this section," which explicitly directs the reader to the other subsections of Section 570.030 to determine the specific meaning. The other relevant subsections are Section 570.030.5(1) and Section 570.030.7. Section 570.030.5(1) provides that stealing is a class D felony when the value of the property is $750 or more, and Section 570.030.7 provides that stealing is a class D misdemeanor when the value of the property is less than $150. Reading

---

[5] The State further argues the broad language of the statute demonstrates the legislature's intent for class A misdemeanor to be the presumptive classification of the offense, and thus for the class D misdemeanor classification to be a permissive reduction of the presumed classification, for which, it argues, the defendant has the burden of proof. More specifically, the State argues the statute places the burden on the defendant both to prove the defendant committed a class D misdemeanor rather than a class A misdemeanor by proving the value of the property appropriated or received was less than $150, and to prove the defendant had no stealing-related prior convictions. We reject this argument out of hand. The burden is on the State to prove each element of the charged offense beyond a reasonable doubt. *State v. Johnson*, 461 S.W.3d 842, 844 (Mo. App. E.D. 2015).

these provisions of Section 570.030 together, the value of the property to constitute a class A misdemeanor must be between $150 and $749. Looking at the plain language, as we must, an offense constitutes class A misdemeanor stealing "if no other penalty is specified in this section," and the only penalty that is not specified elsewhere in the section is an offense involving property between $150 and $749.

Moreover, the legislature in 2016 amended the stealing statute to create, for the first time, the offense of class D misdemeanor stealing for offenses involving property valued at less than $150 and committed by offenders with no prior stealing convictions. Where the legislature has amended a statute, we construe the amended statute under the theory that the legislature intended to accomplish a substantial change in the law. *See King v. State*, 571 S.W.3d 169, 176 (Mo. App. W.D. 2019). Class A misdemeanor stealing was previously the only category of misdemeanor and thus necessarily encompassed the entire non-felony value. Now, however, there are two classes of misdemeanor stealing, and the legislature specifically assigned class D the value of under $150. Although the State argues that class A misdemeanor stealing, due to its silence, still encompass the entire non-felony value, for the new class D categorization to have any purpose it must embody a different crime than class A misdemeanor stealing. The practical implication of the State's argument is that the State can obtain a conviction for class A misdemeanor stealing for property that is in fact valued at less than $150, which is a class D misdemeanor under the law, simply by choosing not to present evidence of value. Such an interpretation would render the class D categorization in Section 570.030.7 a nullity. Courts may not interpret statutes in such a way as to render any provision a nullity. *Schwab v. Nat'l Dealers Warranty, Inc.*, 298 S.W.3d 87, 91 (Mo. App. E.D. 2009).

Having determined that the legislature intended for class A misdemeanor stealing to involve property valued between $150 and $749, we next determine whether the State met its burden to prove class A misdemeanor stealing here, and we conclude it did not. Due process requires the State to prove every element of the crime of which a defendant has been convicted. *See State v. McClain*, 301 S.W.3d 97, 99 (Mo. App. W.D. 2010). The State here was required to prove the value of the property stolen or received exceeded $149 in order to establish the offense of class A misdemeanor stealing, but it concedes it presented no evidence of the value of any items, and thus the State did not meet its burden of proof on the charges against Knox. *State v. Calicotte*, 78 S.W.3d 790, 794 (Mo. App. S.D. 2002) (where value of property stolen determines severity of crime of stealing, burden is on State to prove value beyond reasonable doubt). The trial court erred, therefore, in entering a judgment convicting Knox of class A misdemeanor stealing, and the conviction must be reversed.

Where, however, a greater offense has been overturned on appeal for insufficient evidence, this Court may enter a conviction on the lesser-included offense, if the evidence was sufficient for the jury to find each element of the lesser-included offense and the jury was required to find those elements in reaching the verdict on the greater offense. *See State v. Brown*, 457 S.W.3d 772, 785 (Mo. App. E.D. 2014).

Class D misdemeanor stealing is a lesser-included offense of class A misdemeanor stealing. Section 570.030.7 provides "[t]he offense of stealing is a class D misdemeanor if the properly is not of a type listed in subsection 2, 3, 5, or 6 of this section, the property appropriated

9

has a value of less than one hundred fifty dollars, and the person has no previous findings of guilt for a stealing-related offense."[6]

The evidence here showed that several masked men entered Victim's apartment and stole at gunpoint various items from him and from others at his home. Victim called the police, who, when they arrived shortly thereafter, witnessed four men exiting the elevator in Victim's apartment building carrying large bags hastily stuffed with numerous items. The police arrested Knox, and the search incident to his arrest revealed Knox had a belt and headphones around his neck and a watch and speaker in his pocket. Victim subsequently identified these items as having been stolen from his apartment. The State failed to adduce the value of any of the items of property Knox retained,[7] and so we assume the property's value was less than $150. As for whether Knox had prior stealing-related offenses, he was not charged as a prior or persistent offender, and the State failed to adduce evidence of any prior stealing-related offenses. The jury could infer, therefore, that Knox had no prior stealing-related offenses. Moreover, Knox concedes on appeal that the evidence adduced at trial supported two convictions for class D misdemeanor stealing. While the record lacks sufficient evidence to sustain the convictions for class A misdemeanor stealing because there was no evidence of the value of the property stolen/retained, the evidence adduced at trial was sufficient for the jury to find each element

---

[6] The property at issue here was not "of a type listed in subsection 2, 3, 5, or 6 of this section," and thus we do not address this portion of the statute in our analysis.

[7] It is clear that the State expected to obtain a conviction on the charges of first-degree robbery, in light of the evidence supporting those charges, and thus did not expect to need evidence of valuation. However, because a defendant is entitled to "nearly universal" instructions on lesser included offenses, the State must anticipate the necessity to prove each of the different elements for each of the lesser included offenses. *See State v. Jackson*, 433 S.W.3d 390, 399-400 (Mo. banc 2014).

necessary to support two convictions for class D misdemeanor stealing/receiving stolen property under Section 570.030.1(3), .7.

The punishment authorized for a class D misdemeanor is a fine not to exceed $500. Section 558.002. However, the trial court here sentenced Knox on Counts III and V to concurrent terms of six months in the city jail, with credit for time served. Because no jail time is authorized for class D misdemeanors, the trial court plainly erred in sentencing Knox to concurrent terms of six months. We reverse Knox's convictions and sentences on Counts III and V for class A misdemeanor stealing, enter convictions on the lesser-included offense of class D misdemeanor stealing on both counts, and remand for resentencing on Counts III and V.

Point granted.

Point III

In his third point on appeal, Knox argues the trial court erred in entering a judgment of conviction on Count I, felony stealing, because the evidence at trial was insufficient to prove beyond a reasonable doubt that Knox stole money and property in a value of $750 or more from Victim. We agree.

We review challenges to the sufficiency of the evidence supporting a criminal conviction for whether the State presented sufficient evidence from which a reasonable juror could find the defendant guilty of all the essential elements of the crime charged. *State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018). In determining the sufficiency of the evidence, this Court views the evidence and all reasonable inferences in the light most favorable to the verdict, and we disregard any evidence or inferences to the contrary. *Id.*

The State here charged Knox in Count I with robbery in the first degree. The State submitted instructions on first-degree robbery, and Knox submitted an instruction on the lesser-

included offense of felony stealing of property that had a combined value of at least $750 ("Instruction No. 6"). After the evidence was adduced, the jury did not return a verdict of guilty of first-degree robbery on Count I and instead entered a verdict of guilty on Instruction No. 6, felony stealing over $750, a class D felony.[8]

The State is required to prove each element of the charged offense beyond a reasonable doubt. *State v. Johnson*, 461 S.W.3d 842, 844 (Mo. App. E.D. 2015). A person commits the offense of stealing if he or she appropriates property of another with the purpose to deprive the victim of the property without that person's consent; or if he or she retains property of another for the purpose of depriving the lawful owner thereof, knowing or believing the property to be stolen. Section 570.030.1(1), (3). Knox here was convicted of class D felony stealing, which is when the "value of the property or services appropriated is seven hundred fifty dollars or more" but less than twenty-five thousand dollars. Section 570.030.4-.5. Thus, to prove class D felony stealing, the State must prove that the property was valued between $750 and $24,999.

Here, the State adduced evidence from Victim that several men entered his apartment at gunpoint, and stole a red bag, a belt, pants with a belt, a blue bag, several pairs of headphones, two jars and a bag of marijuana, a speaker, a Playstation controller, a laptop, an iPhone, and another cellular telephone. Victim testified that he had $1,200 in his pocket, that he believed one of his friends also had cash in his pockets, and that the intruders went through his pockets.

---

[8] In Point I, Knox and the State agree the trial court plainly erred in entering its written judgment stating the jury had found Knox guilty of the class C felony of stealing over $500, when in fact the jury entered a verdict finding Knox guilty of felony stealing of property that had a value of $750 or more, which is a class D felony. *See* Section 570.030.5. Ordinarily, clerical errors in the sentence and judgment in a criminal case, such as these, may be corrected by an order nunc pro tunc if the written judgment does not accurately reflect what was done at trial. *State v. Moore*, 518 S.W.3d 877, 889 (Mo. App. E.D. 2017); *see also* Rule 29.12(c). However, because we are reversing the trial court's conviction of class D felony stealing on Count I and instead entering a judgment for class D misdemeanor stealing, it is not necessary under the circumstances here to order a nunc pro tunc correction.

Victim did not testify that his money was taken from his pocket or that any money was stolen during the robbery. Knox was apprehended in the lobby of Victim's apartment building, and upon Knox's arrest, he had a belt and headphones around his neck and a watch and speaker in his pocket. Victim testified the items recovered from Knox's person had been stolen during the robbery.

On appeal, Knox argues that the trial court erred in entering judgment on Count I because the State did not prove each element of the offense of class D felony stealing. Knox is correct. Our review of the evidence does not show that the State either adduced testimony that Knox or any co-defendant actually took U.S. currency from Victim or any other person at Victim's apartment; or adduced testimony establishing the monetary value of any item taken from Victim's apartment. Where the State does not adduce evidence from which the market value of the items stolen can be ascertained, the State fails to prove an essential element of the felony stealing charge. *Brown*, 457 S.W.3d at 785 ("[a]bsent substantial evidence of the property's value, an essential element of the felony stealing charge goes unproved").

While the face value of U.S. currency is, of course, self-proving, the State did not adduce testimony or evidence that any U.S. currency was in fact stolen. While the State argues on appeal that the jury could infer from the evidence adduced—namely, Victim had $1,200 in his pocket, Knox and his co-defendants went through Victim's pockets, and Knox was arrested with $1,570 in his pocket—that Knox stole or received Victim's money, it was the State's burden to prove each element of the crime, and without testimony that money was stolen, the State failed to meet its burden. *C.f. State v. Celmars*, 399 S.W.2d 145, 146 (Mo. App. 1966) (where there was no evidence that a crime was committed, conviction must be reversed). While the jury may make reasonable inferences from the evidence presented at trial, where the State fails to present

the relevant evidence at trial, there is no basis upon which the jury can form an inference. *State v. McQuary*, 173 S.W.3d 663, 668 (Mo. App. W.D. 2005) (without evidence of essential element of crime, jury has no basis for forming reasonable inference). Here, without evidence that Victim's money was taken, there was no basis for the jury to infer that Knox stole or received Victim's money.

On the facts here, the trial court erred in entering a judgment of conviction on Count I, class D felony stealing, because the State failed to prove the value of the property. Where, however, a greater offense has been overturned on appeal for insufficient evidence, this Court may enter a conviction on the lesser-included offense, if the evidence was sufficient for the jury to find each element of the lesser-included offense and the jury was required to find those elements in reaching the verdict on the greater offense. *See Brown*, 457 S.W.3d at 785.

Class A and class D misdemeanor stealing are lesser-included offenses of felony stealing. *See id.* As discussed in Point II, because the State failed to prove the value of the property stolen here, it cannot prove class A misdemeanor stealing, and instead the relevant lesser-included offense is class D misdemeanor stealing. Section 570.030.7 provides that stealing is a class D misdemeanor when the property involved is valued at less than $150, and the defendant has no previous findings of guilt for a stealing-related offense. In arriving at the verdict here, the jury found each element necessary to support a conviction for class D misdemeanor stealing. Section 570.030.1(1), (3), .7. While the record lacks sufficient evidence to sustain a conviction for class D felony stealing or class A misdemeanor stealing, there was sufficient evidence adduced that Knox stole or received items of unknown value from Victim (other than U.S. currency) and that Knox had no prior stealing-related offenses.

14

Because there was not sufficient evidence from which a reasonable juror could find Knox guilty beyond a reasonable doubt of all the elements of class D felony stealing, the trial court erred in entering a judgment of conviction. *See Stewart*, 560 S.W.3d at 533. We reverse Knox's conviction on Count I of class D felony stealing, enter a conviction on the lesser-included offense of class D misdemeanor stealing on that count, and remand for resentencing.

Point granted.

## Conclusion

We reverse the judgment of the trial court convicting Knox of class D felony stealing on Count I and of class A misdemeanor stealing on Counts III and V, we enter convictions on the lesser-included offense of class D misdemeanor stealing on all three counts, and we remand for resentencing because the sentence imposed on all three counts exceeded the statutory maximum for a class D misdemeanor.

_____
Robin Ransom, J.

James M. Dowd, P.J., and
Gary M. Gaertner, Jr., J., concur.

15